MIDAS OIL COMPANY V. STANOLIND OIL & GAS COMPANY.
No. 8173. Decided April 5, 1944.
(179 S. W., 2d Series, 243.)

*Wheeler & Wheeler* and *C. A. Wheeler*, all of Austin, and *Thompson, Knight, Harris, Wright & Weisberg* and *William H. Neary*, all of Dallas, for petitioner, Midas Oil Company.

It was error for the Court of Civil Appeals to hold that this cause should be remanded because of the trial court's failure to submit an issue of estoppel and inquiry as whether petitioner sustained loss or damage on account of plaintiff's unreasonable delay in bringing its suit to cancel the permit. In re Brockton Shoe Mfg. Co. Inc., 8 Fed. Supl. 959; Standard Oil Co. of California v. Woolner, 298 Pac. 77; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Railroad Commission v. Shell Oil Co. 170 S. W. (2d) 568.

*Frank J. Scurlock, Turner, Rodgers & Winn*, all of Dallas, for respondent Stanolind Oil & Gas Co.

It was defendant's duty to exercise reasonable diligence to determine the attitude of plaintiff toward the well and to act in good faith, an issue which the court should have submitted and determined adversely to defendant. Echols v. McKie, 60 Texas 41; Hill v. Engel, 89 S. W. (2d) 219; Brown v. Humble Oil & Refining Company, 126 Texas 296, 83 S. W. (2d) 935; Humble Oil & Refining Co. v. Railroad Commission, 68 S. W. (2d) 622.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a Rule 37 case. The Railroad Commission issued to Midas Oil Company, hereinafter referred to as Midas, a permit to drill a second oil well on a 2.14-acre tract of land in Gregg County. Stanolind Oil & Gas Company, hereinafter referred to as Stanolind, brought this suit under the provisions of Section 8 of Article 6049c, Vernon's Revised Civil Statutes, to cancel the permit and to enjoin Midas from producing oil from the well which had been drilled under said permit. There have been two prior appeals of this same case.

On the former appeals it was held that the permit had been illegally granted and that it should be cancelled and the injunction granted, unless by reason of the delay in bringing the suit Stanolind had become estopped to prosecute its suit at this

time. The reson for this holding ws fully discussed on the prior appeals, and need not be repeated here. See Stanolind Oil & Gas Co. v. Midas Oil Co. et al, (Civ App), 123 S. W. (2d) 911 (writ dismissed) ; Stanolind Oil & Gas Co. v. Midas Oil Co. et al (Civ. App.), 143 S. W. (2d) 138 (writ refused). Upon the last trial the only question before the court was whether Stanolind had lost its right to maintain this suit by reason of its delay in bringing the same. In response to the findings of the jury, judgment was entered in favor of Midas. The Court of Civil Appeals reversed the judgment and remanded the cause for a new trial. 173 S. W. (2d) 342.

The record shows that Yount-Lee Oil Company and the Atlantic Oil Producing Company, each of which was an adjoining leaseholder, contested the granting of the permit by the Railroad Commission of Midas to drill the well. The permit was granted on June 10, 1935. No motion for rehearing was filed before the Railroad Commission by either of said contestants. Shortly after the granting of the permit Stanolind acquired Yount-Lee Oil Company's interest in the adjoining lease. Both Yount-Lee Oil Company and Stanolind knew that the permit had been granted, but neither of them gave any notice to Midas of an intention to further contest the permit, until the filing of the suit hereinafter mentioned. On October 10, 1935, four months after the granting of the permit, Midas let a contract for the drilling of the well, and thereby incurred obligations in the sum of approximately $8,000.00. The contractor began the drilling of the well on October 12, 1935. This suit to set aside the permit was filed on October 19, 1935. The well was completed as a produced on October 24, 1935, and has been producing oil continuously since that time. The jury found that Stanolind had delayed for an unreasonable length of time in bringing suit against Midas to set aside the permit, and that by reason of such unreasonable delay Midas had incurred heavy expense, which it otherwise would not have incurred. Those were the only issues submitted to the jury. Stanolind offered to prove that Midas had already received more for the oil produced from the well than it had expended in drilling and operating the same, and that as a consequence Midas had not suffered any injury by reason of Stanolind's failure to bring suit at an earlier date. This testimony was not permitted to go to the jury.

Revised Statutes, Article 6049c, Section 8, governing actions to set aside orders issued by the Railroad Commission for permits to drill wells for the discovery of oil reads in part as follows:

"Any interested person affected by the conservation laws of this State relating to crude petroleum oil or natural gas, and the waste thereof, including this Act, or by any rule, regulation or order made or promulgated by the Commission thereunder, and who may be dissatisfied therewith, shall have the right to file a suit in a Court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission, or the members thereof, as defendants, to test the validity of said laws, rules, regulations or orders. Such suit shall be advanced for trial and be determined as expeditiously as possible and no postponement thereof or continuance shall be granted except for reasons deemed imperative by the Court."

■ When a permit to drill a well is granted, the very nature of the circumstances are such that all persons interested therein should contemplate immediate use of the permit by the permittee. Oil is fugitive in its nature, and unless it is captured within a reasonable time it may be drained off by adjoining leaseowners and lost. Delay in drilling the well would inure to the benefit of the prospective contestant for in the meantime he might be draining off permittee's oil. Moreover, the value of oil properties fluctuates rapidly. If the permit is to be of any value to the permittee it is necessary that the well be drilled at once. On the other hand, a large sum of money is required to drill and bring in a well. The well, when drilled, may be a producer or it may be a nonproducer, in which latter event the investment is a complete loss. The permittee cannot afford to delay, for if he does his oil may be drained off, yet he incurs a risk if he proceeds under the permit. Consequently the permittee is forced to elect at his peril. All the circumstances would seem to demand that if an adjoining leaseholder desires to contest such a permit, he should proceed with reasonable diligence, and if he does not do so, and the permittee acts under the permit by incurring obligations in the drilling of a well, the contestant should be held to have lost his rights to contest the permit.

In discussing the statute in question, this Court in the case of Gulf Land Company v. Atlantic Refining Company, 134 Texas 59, 131 S. W. (2d) 73, 85, said:

"It will be noted that section 8 of article 6049c, supra, provides no time within which suit to test the validity of the rules, regulations, and orders of the Commission shall be filed in the District Court of Travis County, Texas. The very nature of the appeal thus provided would make it very difficult for the Legislature to frame a just statute to apply in all instances. We think, however, that unreasonable delay in appealing orders pertain-

ing to well permits which cause the opposite party to act, to his injury, might give rise to a question of estoppel."

In the case of Harkness v. Hutcherson, 90 Texas 383, 39 S. W. 1120, this Court had under consideration a statute which permitted an appeal from a ruling of a Board of School Trustees to the County and State Superintendents. In discussing the question of the time within which such appeal could be taken, this Court said:

"At the time the transactions in question took place, the act of May 20, 1893, in relation to public free schools, was in force. Section 55 of that act empowered the trustees to employ and to dismiss teachers, but provided that, in case of dismissal, the teachers should have the right of appeal to the county and state superintendent. * * * But, while the act does not expressly fix any time within which the appeal shall be prosecuted, the public interest demands that it shall be taken without unnecessary delay; and we are satisfied from the very nature of the case that such was the intent of the legislature."

In the case of Red Arrow Freight Lines, Inc., et al v. Missouri-Pacific Freight Transport Co. et al, 166 S. W. (2d) 747, a certificate of convenience and necessity had been granted by the Railroad Commission, authorizing the operation of a common carrier motor carrier service. The statute authorized the filing of suit to set aside such a certificate, but fixed no time limit for the filing of such suit. In that case, after the common carrier service had been established and in operation for approximately nine months, a competing carrier filed suit to contest the permit. It was there held that the public interest demanded that the proceedings attacking the validity of the certificate be taken without unnecessary and unreasonable delay, and under the facts of that case the suit was filed too late. This Court refused a writ of error.

While the Act in question does not fix any time limit for the filing of a suit to set aside such a permit, it does provide that "such suit shall be advanced for trial and be determined as expeditiously as possible, and no postponement thereof or continuance shall be granted, except for reasons deemed imperative by the court." This very clearly evidences legislative recognition of the necessity of speedy action in such matters, and we are satisfied that it was the intention of the Legislature that such a suit should be filed within a reasonable time after the granting of the permit, and if an interested party fails to bring such suit within a reasonable time, and in the meantime the

permittee begins the drilling of the well or otherwise incurs substantial obligations in the prosecution of his rights thereunder, the contestant should be held to have lost his right to prosecute such a suit.

■ The evidence in this case shows that Stanolind delayed for a period of four months in bringing its suit to contest the permit. The jury found that under the circumstances this was an unreasonable delay. We think the circumstances were such as to make this a question of fact for the jury. The evidence shows, without dispute, that in the meantime Midas had acted on the permit by incurring large obligations for the drilling of the well and had actually begun the drilling of the well. Under these circumstances we hold that Stanolind lost its right to prosecute its suit to set aside the permit.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered April 4, 1944.