## BOARD OF WATER ENGINEERS OF TEXAS ET AL V. COLORADO RIVER MUNICIPAL WATER DISTRICT ET AL*

No. A-3693. Decided January 21, 1953.
Rehearing overruled February 18, 1953.
(254 S. W. 2d Series 369)

*NOTE. Certiorari denied by Supreme Court U. S. 346 U. S. 815.

78

*Price Daniel,* Attorney General, *K. B. Watson,* Assistant Attorney General, *Joe R. Greenhill,* Special Assistant Attorney General, *Roger B. Tyler,* of Austin, for Board of Water Engineers of Texas, *Thomas & Thomas* and *George T. Thomas,* of Big Spring, for Martin County Underground Water Conservation District, appellants.

The Supreme Court has authority to take jurisdiction of this case by direct appeal and under the substantial evidence rule. Railroad Com. v. Sterling Oil and Refing. Co., 147 Texas 547, 218 S.W. 2d 415; Trapp v. Shell Oil Co., 145 Texas 323, 198 S.W. 424; Le Master v. Fort Worth Transit Co., 138 Texas 512, 160 S.W. 2d 224.

*M. G. McDonald,* City Attorney, Odessa, *Walton S. Morrison,* City Attorney, Big Spring, *Vinson, Elkins & Weems* and *Victor W. Bouldin,* all of Houston, for appellees.

Appellees cited in support of their contentions Ramos v. Austin, 220 S.W. 2d 528; Mullins v. Thomas, 136 Texas 215, 150 S.W. 2d 83.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a direct appeal to this court from a judgment of one of the District Courts of Travis County in a suit filed by the Colorado River Municipal Water District, hereinafter referred to as the Colorado River District, and the cities of Big Spring and Odessa (with certain landowners of Martin County as intervenors) against the Board of Water Engineers of Texas, hereinafter referred to as the Board, and the Martin County Underground Water Conservation District No. 1, hereinafter referred to as the Martin County District, and its board of directors. Before reciting the nature and results of the suit in the trial court we identify the parties as follows:

The Board is a state agency whose broad administrative powers are outlined in Chapter I of Title 128, Revised Statutes of 1925, and amendments thereto. The Martin County District was created in 1951 by landowners of Martin County acting under the authority of the Texas Underground Water Conservation Act of 1949, 51st Legislature, Chapter 306, § 1 (Vernon's Civil Statutes Art. 7880-3c). The Board had theretofore designated the boundaries thereof as a subdivision of the Ogallala Formation south of the Canadian River. The Colorado River District was created by a Special Act of the 51st Legislature, 1949, Chapter 340, and is now composed of the cities of Big Spring, Odessa, and Snyder. Its purpose is to supply the municipal water requirements of its constituent cities. One of its sources of supply is a number of water wells on land in Martin County in which it owns underground water rights, most of which land is within the Martin County District.

This suit was filed by the Colorado River District and the cities of Big Spring and Odessa, appellees, against the Board, the Martin County District and the directors thereof. It is unnecessary to describe the pleadings. For the purpose of this opinion it is sufficient to state that the trial resulted in a judgment that the order of the Board designating a subdivision in Martin County is invalid because not reasonably supported by substantial evidence, and that as a consequence the Martin County District does not validly exist and all of its rules and regulations are void. Based upon those grounds the judgment further enjoined the Martin County District and its directors from enforcing its rules and regulations and from interfering with appellees' activities. From that judgment the Board, the Martin County District and the directors have perfected a direct appeal to this court.

■ The first question for decision is raised by the motion of appellees to dismiss the appeal for want of jurisdiction. The first ground of their motion is that the validity of the Board's order could be raised by direct appeal under Rule 499a, T. R. C. P., only if the court had enjoined the enforcement of its order; that since the injunction is not against the enforcement of the Board's order but against the enforcement of the rules and regulations of the Martin County District, a direct appeal to this court is not authorized. Subsection (b) of Rule 499a may be susceptible to a construction which would lend some support to that contention, but we cannot look to a court rule to determine our jurisdiction. If that rule should be construed to have the effect of placing a restriction upon our jurisdiction as defined by the Constitution and statutes, it would be to that extent void. However, it is susceptible to a construction which harmonizes with the Constitution and statutes, and that construction is adopted. The Constitutional amendment enlarging the jurisdiction of this court to include cases brought to it by direct appeals from trial courts reads as follows:

"The Legislature shall have the power to provide by law, for an appeal direct to the Supreme Court of this State from an order of any trial court granting or denying an interlocutory or permanent injunction on the grounds of the * * * invalidity of any administrative order issued by any state agency under any statute of this State." Constitution of Texas, Art. V, Sec. 3b.

The statute (Article 1738a, V. C. S.) enacted pursuant to the authority of the amendment is substantially the same language. It seems apparent to us that this case falls squarely

within the statute. Upon the sole ground that an order of a state agency is invalid an injunction has been issued, and the parties enjoined, as well as the state agency which made the order, have appealed. That is precisely the character of judgment from which a direct appeal is authorized by the statutes.

■ Another ground of the motion to dismiss the appeal is that a direct appeal from an order of a state agency is proper only in cases governed by the substantial evidence rule, and that by the provisions of the Act under review that rule does not apply in this case. Without considering the question of whether a direct appeal is proper only in cases governed by the substantial evidence rule, we hold that this case is governed by that rule. Section F of Article 7880-3c of Vernon's Civil Statutes contains this language:

"* * * In all such trials the burden of proof shall be upon the party complaining of such law, rules, regulations or orders or act of the Board, and such law, rules, regulations or orders or act of the Board so complained of shall be deemed prima-facie valid but the trial shall be de novo, and the court shall determine independently all issues of fact and of law with respect to the validity and reasonableness of the law, rules, regulations or orders or acts of the Board complained of. * * *"

In effect that is itself a statement of the substantial evidence rule. Under that rule the court makes an independent determination from the evidence adduced at the trial of whether the administrative order is reasonably supported by substantial evidence. The statute provides that the court shall determine the reasonableness of the order. If an order is reasonably supported by substantial evidence it is reasonable; otherwise it is unreasonable. The motion to dismiss the appeal is overruled. Railroad Commission v. Shell Oil Co., 146 Texas 286, 206 S. W. 2d 235; Railroad Commission v. Sterling Oil & Refining Co., 147 Texas 547, 218 S. W. 2d 415; Trapp v. Shell Oil Co., 145 Texas 323, 198 S. W. 2d 424; Jones v. Marsh, 148 Texas 362, 224 S. W. 2d 198; Fire Department v. City of Fort Worth, 147 Texas 505, 217 S. W. 2d 664.

■ We come now to consider the contention of appellants that appellees through delay lost their right to prosecute this suit. The facts upon which this contention is based may be summarized as follows:

In response to a petition of Martin County residents for the

formation of an underground water conservation district, the Board ordered a hearing to be held, after due notice, on January 10, 1951. Representatives of appellees appeared at the hearing. The Board solicited all persons to supply it with any information or data which they possessed or might thereafter acquire bearing upon the location of underground water in the area concerned. Although appellees shortly thereafter acquired information which they state they believed would make the designation erroneous, they never at any time submitted such information to the Board. The final order in question designating a subdivision in Martin County was entered by the Board on March 20, 1951. On May 14, 1951, the Commissioners' Court of Martin County had a hearing at which it ordered the formation of the Martin County District coterminous with the area designated by the Board as a subdivision. During the following July an election was held within the District at which the voters confirmed the formation of the District. Thereafter there was an informal meeting between the directors of the Martin County District and the directors of the appellee district. On September 28, 1951, after due notice, a hearing was had before the directors of the Martin County District, at which rules governing the production and use of water in the District were promulgated. Those rules were ordered published for the statutory period, and on October 18, 1951, one day before they were to become effective, and seven months after the final order of the Board was entered, this suit was filed and a temporary restraining order granted.

Although the statute does not fix any time limit for the filing of suits to contest the validity of the orders of the Board, it does provide in Section F, Article 7880-3c, that "Such suit shall be advanced for trial and be determined as expeditiously as possible, and no postponement thereof or continuance shall be granted except for reasons deemed imperative by the court." That provision unmistakably evidences a legislative intent that such suits must be brought within a reasonable time. That construction was placed upon a similar provision in Midas Oil Company v. Stanolind Oil & Gas Company, 142 Texas 417, 179 S. W. 2d 243. In that case we upheld a jury finding that a four months' delay in filing a suit to set aside a Railroad Commission order granting a permit to drill a well was unreasonable, and that when the permittee had commenced the drilling of a well in the meantime the contestee had lost its right to file a suit attacking the order. In this case the implied finding of the trial court is that the delay was reasonable, but the facts of this case

are very much stronger than those in the Midas case. Appellees not only stood by for seven months before filing suit, but during that period knew that Martin County took steps in May, 1951, to establish the District; that an election was ordered and conducted in July; that directors were named; and that rules and regulations were promulgated and published. Not only that, but they tacitly recognized the existence of the District by having their representatives meet with the directors. To hold that they could then be permitted to challenge the validity of the Board's order would be to approve a practice which would, if generally followed, clearly violate the legislative intent that there be no unnecessary delay in reviewing the Board's orders, and would disrupt the orderly steps of a state agency to cope with one of the most important and pressing problems confronting our State—the conservation of our limited supply of underground water. The purpose of our conservation statutes cannot be effectuated if litigants are permitted to delay attacks upon orders of the Board for seven months, during which time conservation districts have been organized agreeably with the order, confirmed by the voters, directors elected, and rules promulgated.

■ The answer made by appellees in their brief to this point is that they could not maintain a suit attacking the order until there was an injury or threat of injury to their rights; and that they could not allege that they were about to be injured until the rules of the board of directors were promulgated. We cannot sustain that proposition. The statute provides that any interested person affected by the order of the Board may bring suit attacking same in Travis County. Every landowner or owner of underground water rights within the proposed district was an interested person affected by the order. They could be reasonably certain that the creation of a conservation district would follow and that rules and regulations binding upon them would be enacted by such district. When the Railroad Commission grants a permit to drill a well for oil as an exception to its Rule 37, a lessee of adjacent land is in a position similar to that of appellees in this case. He cannot then know with certainty that the well will be drilled or that, if drilled, it will produce oil, yet his right to file a suit at once contesting the validity of the permit is not now open to question. Our conclusion is that appellees could have filed and prosecuted this suit immediately after the order was entered and that their delay of seven months in filing the suit was unreasonable under all the attending facts.

■ The section of the statute under which this suit was filed (Section F. Art: 7880-3c, V.C.S.) provides for the bringing of two classes of suits—one attacking orders of the Board, which must be brought in Travis County, and the other attacking the order or rules and regulations of the district, which must be brought in the county in which the district or a part thereof is located. The Martin County District filed a plea to the jurisdiction of that part of appellees' petition which attacked the validity of its rules and regulations. The trial court sustained that plea in so far as it constituted an independent ground of recovery, without prejudice, however, to their right to file suit in Martin County, but enjoined the enforcement of the rules and regulations not on the ground that they were unreasonable or confiscatory, but on the ground that the order of the Board creating the Subdivision was invalid. If appellees are dissatisfied with those rules and regulations and desire to test their validity, this suit will constitute no bar to their right to do so.

This opinion should not be construed as holding by implication that the Board's order was not reasonably supported by substantial evidence, and that had appellees filed their suit in time they would have obtained the relief sought. For obvious reasons that question has not been discussed in this opinion.

The judgment of the trial court and the injunction are set aside, and the case is dismissed.

Associate Justices Griffin and Culver not sitting.

Opinion delivered January 21, 1953.

MR. JUSTICE SMEDLEY, dissenting.

I cannot agree with the decision of the majority that this Court has jurisdiction of the case on direct appeal from the district court. In my opinion all of three reasons presented in support of appellee's motion to dismiss the appeal are sound, although the third is foreclosed by the decision of the majority in Railroad Commission of Texas v. Sterling Oil & Refining Co., 147 Texas 547, 218 S. W. 2d 415, unless that decision on the question of jurisdiction is, as I think it should be, overruled.

The first ground of the motion to dismiss, briefly stated, is that the appeal is not from a judgment or order of the district court granting or denying an injunction relating to the validity or invalidity of an administrative order issued by a state board

or commission. This suit involves the validity of the order of the Board of Water Engineers of the State, which defined the boundaries of the Martin County Underground Water Conservation District No. 1, and it was that order of a state board that the trial court held to be invalid. No injunction was either granted or denied on the ground of the validity or invalidity of that order. The injunction sought and granted by the trial court's judgment was against the enforcement of rules and regulations adopted by the Martin County Underground Water Conservation District No. 1, which is not a state board, commission or agency.

The language used in the amendment to the Constitution which authorizes direct appeals to this Court is that the Legislature may provide for such an appeal *"from an order of any trial court granting or denying an interlocutory or permanent injunction * * * on the validity or invalidity of any administrative order issued by any state agency under any statute of this state."* Section 3b, Article V.

The injunction in this case was not granted on the invalidity of the order of the Board of Water Engineers. It was on the invalidity of the rules and regulations of the Martin County District.

The statute enacted pursuant to the amendment of the Constitution uses the same language as that contained in the amendment, adding a provision that the Supreme Court shall prescribe the necessary rules of procedure to be followed in perfecting such an appeal. Article 1738a, Vernon's Annotated Civil Statutes.

Pursuant to the statute, the Court adopted Rule 499a, which contains as its Subsection (b) the following:

"An appeal to the Supreme Court directly from such a trial court may present only the constitutionality or unconstitutionality of a statute of this State, or the validity or invalidity of an administrative order issued by a state board or commission under a statute of this State, when the same shall have arisen by reason of the order of a trial court granting or denying an interlocutory or permanent injunction."

There is no substantial difference between the meaning of the constitutional amendment and the statute and that of the rule. The injunction must have been granted or denied on the ground of the validity or invalidity of the order of the state board or

agency, or the validity or the invalidity of the order of the state board must have arisen by reason of or must have been involved in the order granting or denying the injunction.

It was the purpose of the people in adopting the amendment to the Constitution and of the Legislature and this Court in enacting the statute and adopting the rule, both consistent with the amendment, to permit direct appeal to the Supreme Court, by-passing the courts of civil appeals, in order to give the parties quick relief when the district court has enjoined or refused to enjoin an order of a state board or commission on the ground of its validity or invalidity. The question of validity or invalidity of the order and the quick relief from the granting or denying of an injunction affecting the order were regarded by the people in adopting the amendment and by the Legislature in the enactment of the statute as being of sufficient importance to justify this radical departure from the established process of appeal. As expressed in appellees' motion to dismiss the appeal: "Obviously, it is the injunctive relief coupled with, and bearing upon, the administrative order under attack which gives rise to the reasons for a direct appeal."

There is no occasion for undertaking to harmonize the rule with the Constitution and the statute, or for suggesting that the rule adopted by the Court may be void. As has been said, they mean the same thing with respect to the validity or inavlidity of the order of the state board or agency and the order granting or denying the injunction. One of the briefs filed for the appellants admits that there is no substantial difference between the meaning of the wording of the Constitution and statute and that of the rule.

The opinion of the majority on this question will lead to the further enlargement of the jurisdiction of the Court by direct appeal. It will permit direct appeals provided only the validity or invalidity of the order of the state board or agency is involved, and provided only there has been granted or denied by the district court an injunction, whether relating to the validity or invalidity of the order or not. The right of direct appeal is narrowly defined in the Constitution and statute and in the rule, and it ought to be kept within narrow bounds. The Supreme Court is a court of limited jurisdiction, and it should remain so.

My conviction is even stronger that the opinion of the majority is erroneous in its decision that this case is governed by

the substantial evidence rule. Subdivision F of Section 3c, Chapter 306, Acts Regular Session, 51st Legislature (1949) p. 563, which authorizes the filing of this suit attacking the order of the Board, provides:

"In all such trials the burden of proof shall be upon the party complaining of such law, rules, regulations or orders or act of the Board, and such law, rules, regulations or orders or act of the Board so complained of shall be deemed prima-facie valid *but the trial shall be de novo, and the court shall determine independently all issues of fact and of law with respect to the validity and reasonableness of the law, rules, regulations or orders or acts of the Board complained of.*" (Emphasis added.)

The opinion of the majority, to sustain its holding that the substantial evidence rule applies here, cites Fire Department of the City of Fort Worth v. City of Fort Worth, 147 Texas 505, 217 S. W. 2d 664, and Jones v. Marsh, 148 Texas 362, 224 S. W. 2d 198. The Court, in holding in those two cases that the correctness of the order of the commission or the county judge should be tested by the application of the substantial evidence rule notwithstanding the fact that the statutes involved provided for trial de novo, was dangerously near engaging in judicial legislation. The opinion of the majority in this case goes beyond those decisions and enters well into the forbidden realm of judicial legislation.

The statute here under construction is different from the statutes construed in those cases. The statute involved in the City of Fort Worth case provided merely that "such case shall be tried de novo", while the provision of the statute construed in Jones v. Marsh was "the trial shall be de novo under the same rules as in ordinary civil suits." Neither of the statutes involved in those cases provided, as does the statute before us in this case, that "the trial shall be de novo and the court shall determine independently all issues of fact and of law with respect to the validity and reasonableness of the law * * * or orders * * * of the Board complained of."

"De novo" alone strongly suggests that there shall be a trial anew, and when it is coupled with the other words above quoted to the effect that the court shall determine all issues of fact and of law *independently,* a construction that such language means and intends that there shall be a limited trial under the substantial evidence rule is a strained construction, and in my opinion unreasonable.

A trial under the substantial evidence rule is in a sense a new trial, but it is a limited trial, not an unlimited, independent trial as is ordinarily conducted in district court. The substantial evidence rule is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in the court, it being for the court, not to determine the issues of fact independently and as if there had been no finding of fact by the administrative body or agency, but to determine merely whether the finding of the board or agency is reasonably supported by substantial evidence. Thus under the substantial evidence rule the facts are not tried independently of the finding made by the board or agency. In effect the order of the board is tried, and that not according to a preponderance of the evidence, but under the substantial evidence rule, which requires that the order be sustained if it is reasonably supported by evidence.

The opinion of the majority gives no effect to the words "determine independently". Independently of what? Obviously, independently of what the board or agency found, as if there had been no finding by the board or agency, save only that as a rule of evidence the order of the board or agency is to be deemed prima facie valid. The provision that the order of the board or agency shall be deemed prima facie valid does not mean that there shall not be an independent trial. This, because the words "deemed prima facie valid" are immediately followed by "but the trial shall be de novo and the court shall determine independently all issues of fact and of law." The plain meaning of the statute is that the district court shall try the case de novo in the full sense of the term and "determine independently all issues of fact."

The opinion of the majority is in contradiction of the intention of the Legislature as clearly manifested by the language used in the statute, with the result that trial under the substantial evidence rule is permitted and directed, and on that account the right of direct appeal to this Court is given under the majority decision in Railroad Commission of Texas v. Sterling Oil & Refining Company, 147 Texas 547, 218 S. W. 2d 415. In this way the jurisdiction of this Court on direct appeal is again extended by decision of the Court.

Since, when the statute is correctly construed, the trial is not held under the substantial evidence rule, questions of fact

are involved, as is evidenced by the statement of facts herein, with respect to the reasonableness of the Board's order, and this Court has no jurisdiction of questions of fact.

The third ground in the motion to dismiss the appeal suggests that the question of jurisdiction on direct appeal as decided in the Sterling Oil & Refining Company case, above cited, be again considered and that the decision there made be overruled. The dissenting opinion in that case sets out at length the reasons why the question of jurisdiction on direct appeal was erroneously decided, and they will not be repeated here. Attention is directed, however, to the first point made in the dissenting opinion, which is that the amendment to the Constitution authorized the Legislature to provide by law for direct appeals involving *constitutional validity or invalidity* of orders of commissions and boards, and not for direct appeals involving merely validity or invalidity in the factual basis of the orders. And attention is further directed to that part of the decision of the majority of the Court in the Sterling Oil & Refining Company case which, without assigning any reason for its action, permitted a statement of facts to be brought up and considered it in making the decision, contrary to the express provision of Rule 499a theretofore adopted by the Court.

The motion to dismiss the appeal should be granted.

Opinion delivered January 21, 1953.