**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**William Buddy PERLMAN, Appellee.**

No. 3788.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Rehearing Denied Dec. 8, 1960.

Joseph Resweber, County Atty., Joseph T. Terracina, Asst. Co. Atty., Houston, for appellant.

William A. Robertson, Houston, for appellee.

WILSON, Justice.

Appellee appealed to the County Court at Law from an order of the Texas Department of Public Safety, suspending his operator's license by virtue of an affirmative finding that he is an habitual violator of the traffic laws. The finding was made under Sec. 22(b) of Art. 6687b, Vernon's Ann.Civ.Stats.

Appellee had been convicted of five offenses of speeding within a period of approximately seven months between July 12, 1958 and February 20, 1959. The court submitted to the jury an issue inquiring whether appellee was an "habitual violator of the traffic laws," defining the quoted term as meaning a person with four or more convictions for moving traffic violations "arising out of different transactions within a period of twelve months". The jury answered the issue in the negative. Appellant says there was no evidence to support this finding on which judgment was rendered vacating the suspension order. Appellee says that the contention requires application of the substantial evidence rule, which is prohibited by statute.

Sec. 22(c) of Art. 6687b, as amended by Acts 1959, 56th Leg., 2nd C.S., p. 161, ch. 41, Sec. 1, provides in part that a licensee whose license has been suspended may bring suit in the county court or county

court at law to vacate the ruling or decision suspending his license. It authorizes a jury trial and provides, such court shall

> "determine the issue in such cause, instead of the Department, upon a trial de novo, and shall be tried the same as if there had been no prior hearing on the matter of suspension of said license and in the *same manner as a trial in the county court on appeal from the justice court,* and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. *Under no circumstances shall the substantial evidence rule* as interpreted and applied by the courts of Texas in other cases *ever be used or applied* to appeals prosecuted under the provisions of this Act."

The Department's order of suspension was issued and this action instituted subsequent to the effective date of this amendment.

■ Although we might have grave doubts as to the constitutionality of the portion of the quoted provision here involved under such decisions as Fire Dept. of City of Fort Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664, 666; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 201; Davis v. City of Lubbock, Tex.Sup., 326 S.W.2d 699, 713; Board of Water Engineers of Texas v. Colorado River M. W. Dist., 152 Tex. 77, 254 S.W.2d 369, 372; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, 790 and Southern Canal Co. v. State Board of Water Eng., Tex. Sup., 318 S.W.2d 619, 625, we think a decision of the contentions may be made without adjudicating the constitutional question, and this is our duty where possible. San Antonio Local v. Thornton, 156 Tex. 641, 299 S.W.2d 911, 915.

As appellee concedes, the issue to be determined is whether he "is an habitual violator of the traffic law" under Sec. 22(b) 4, of Art. 6687b.

■ The fact of appellee's convictions is undisputed. There is no evidence, under the court's instruction, to support the jury verdict; and under such instruction the issue was established as a matter of law. Hence, no question as to application of the substantial evidence rule is involved.

Appellee, by cross-point, attacks constitutionality of that portion of Sec. 22(b), Art. 6687b which defines "habitual violator", as contravening Article 1, Section 16 of the Texas Constitution, Vernon's Ann.St. He asserts that since his convictions occurred prior to the effective date of the 1959 amendment which first gave a legislative definition of the term, the statute has been given a retroactive effect. We think no constitutional question is thus presented. The cross-assignment in reality attacks, not the statute, but the court's charge. Appellee is simply saying the court erred in using the statutory definition, because his convictions occurred before the Legislature adopted the definition used.

■ Appellee made no objection in the trial court to the instruction of the court defining "habitual violator", nor did he otherwise object to the charge, or raise the question below. The definition may not be first complained of on appeal under Rule 272, Texas Rules of Civil Procedure. Before the 1959 amendment, the statute provided for suspension of licenses of "habitual violators", although it did not define the term. The amendment added the definition, which was that employed by the court; but the court's definition is not necessarily dependent on the statute. The court was authorized to define terms, under Rule 277, and the fact that his definition happened to correspond with that of the statute (whether inapplicable or not), in the absence of objection, presents no error. No question is raised regarding the omission

of a definition of "habitual violator" in the original statute.

■ The judgment of the trial court is reversed and judgment is here rendered that the order of the Department be reinstated. Since Art. 6687b, Sec. 31 provides the filing of appellee's petition abates suspension until final judgment, the suspension will continue from the date the judgment herein becomes final, after crediting time elapsed from November 16, 1959 to the date of filing the petition. Bostick v. Garrison, Tex.Civ.App., 302 S.W.2d 945.