**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**NATIONAL TRANSPORT CORPORATION et al., Appellees.**

No. 11009.

Court of Civil Appeals of Texas.

Austin.

Dec. 5, 1962.

Rehearing Denied Jan. 9, 1963.

Will Wilson, Atty. Gen., Morgan Nesbitt, Asst. Atty. Gen., Austin, W. D. White, Dallas, James, Robinson & Starnes, Donald O. Baker, Austin, for appellants.

Lanham & Hatchell, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the 53rd District Court of Travis County

which set aside in part certain orders of appellant Railroad Commission of Texas. The action was filed by appellees National Transport Corporation and Texas Construction Service Company of Austin. The Commission's orders granted specialized motor carrier applications by appellants Smith Transit, Inc., and Robertson Transport, Inc. to transport two hundred thirty-seven (237) specified dry bulk commodities, between all points in Texas.

, The trial was before the Court and a judgment was for the plaintiffs, appellees herein, and provides:

"IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the Court that the order of the RAILROAD COMMISSION OF TEXAS dated September 30, 1960, under Docket No. 6950, granting the application of Robertson Transports, Inc. to amend Certificate No. 6950, BE, and the same is hereby CANCELLED, SET ASIDE and HELD FOR NAUGHT, insofar as it authorizes the transportation of 'Lime' and 'Calcium Oxide'.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that the order of the RAILROAD COMMISSION OF TEXAS dated September 30, 1960, under Docket No. 8490 approving the application of Smith Transit, Inc. to amend SMC Certificate No. 8490, BE, and the same is hereby, CANCELLED, SET ASIDE and HELD FOR NAUGHT, insofar as it authorizes the transportation of 'Lime' and 'Calcium Oxide'."

Findings of fact and conclusions of law were filed.

The appeal is founded on five points and are in substance, that the Court erred in setting aside the orders of the Commission dated September 30, 1960, insofar as such orders authorize the transportation of Lime and Calcium Oxide, because it was not shown that such orders were not reasonably supported by substantial evidence,

and the Court was not authorized to substitute its discretion for that of the Commission, and erred in finding as a fact that plaintiffs or their predecessors were, during the period of time from June through October, 1960, performing a reasonably adequate transportation for the public, because the "adequacy" of existing transportation is a fact determination to be made by the Commission, and erred in finding as a fact that plaintiffs were ready, willing and able to furnish pneumatic trailers if requested, because the ability to do so, is a determination to be made by the Commission, and the Court could not substitute its own determination of the comparative ability of the parties, and there is no evidence as to plaintiffs' ability to acquire such equipment, and the Court erred in concluding that there was not substantial evidence before the Court supporting the Commission's orders and findings set out by the Commission, and that the orders do not contain sufficient findings as required, and finally that the Court erred in refusing to admit into evidence the Transcript of Testimony heard by the Commission for the limited purpose for which it was offered.

The appellees' position is that there are, in fact, only three issues, to-wit:

"(1) whether the jurisdiction of the Commission was properly and sufficiently invoked to invest the Commission with authority 'to consider, set for hearing, hear and determine' the instant applications within the meaning of Section 5a(c) of the Motor Carrier Law (Art. 911b, V.C.S.,); if so, (2) whether the Commission's jurisdiction to consider and determine the applications was preserved and whether the Commission's discretion to grant the applications was exercised in accordance with the requirements of Section 5a(d) of the Motor Carrier Law, including among others the mandatory requirements that there be substantial evidence before the Commission and that the Commission's orders contain

sufficient fact findings and (3) whether plaintiffs discharged their burden of showing that the Commission's orders were not reasonably supported by substantial evidence adduced in court."

Appellants further say that while the issues above stated were raised by plaintiffs' petition, issues Nos. (1) and (2) are no longer really in the case, because of a stipulation that both applications were on forms prescribed by the Commission and met all requirements of the law.

Appellees take the position that the Trial Court was correct in determining from the evidence before it that the orders under attack were not supported by substantial evidence, and that such orders do not contain the findings required by Section 5a(d), Article 911b, Vernon's Ann.Civ.St.

We believe that the Trial Court correctly entered the judgment cancelling the orders involved herein.

The Trial Court at the request of appellants filed findings of fact and conclusions of law, and to which no exception was taken.

The findings are extensive and no useful purpose can be had by copying such herein and we shall refer to such briefly.

The Court found that the plaintiffs are the owners and operators of SMC Certificates, authorizing the transportation of lime and chemically hydrated lime in bulk, in dump trucks, hopper trucks, or in covered vehicles equipped with mechanical unloading devices from all lime kilns, and storage places in Texas to all points in Texas, and from point of origin to all jobsites in Texas including highways, roads, streets, etc., to no greater distance than 150 miles from point of origin, this limitation of 150 miles applies only to National Transport Corporation.

The Court found that the defendants' transport companies were the holders of certificates authorizing the transportation of commodities in bulk between various points in Texas; that Chemical Express, Inc., and Ray Smith Transport Company were each affiliated with defendant, Smith Transit, Inc., holding certificates authorizing the transportation of lime in bulk, in dump and hopper trucks between all points in Texas, except that Ray Smith Transport Company was authorized to transport limestone, lime and lime products from the plant site of Limestone Products Company, near Cleburne, Texas; that L. M. R. Corporation was affiliated with Robertson Transport, Inc., and was authorized to transport gravel, crushed limestone in bulk in truckload lots with special loading equipment from any pit, railhead, crushing plant or other source of supply to any jobsite or processing plant in Texas to movements of no greater distance than 250 miles from point of origin.

Other findings were that the plaintiffs were not called on by any shipper or receiver of lime in bulk to furnish pneumatic unloading equipment for transportation of lime or calcium oxide; had sufficient equipment to transport all lime when requested to do so, and were not operating at full capacity; offered their service to all types of consignees in the areas in which they could operate; would furnish pneumatic equipment if requested to do so by any of the lime producing plants, of which there were five in Texas; solicited business from such plants, none of such plants requested pneumatic equipment, and that pneumatic equipment is not suitable for transportation of lime to soil stabilization projects.

The Court concluded that there was no substantial evidence before the Court supporting the orders complained of, and none supporting the Commission's conclusion that existing services and facilities of existing carriers were inadequate at the time the orders were issued, or that public convenience would be promoted at that time by granting the applications, or that the shippers or receivers of lime had any need for additional service.

Section 6(d) of Article 911b, V.C.S., is as follows:

"The Railroad Commission is hereby given authority to issue upon application to those persons who desire to engage in the business of transporting for hire over the highways of this State livestock, mohair, wool, milk, livestock feedstuff, household goods, used office furniture and equipment, oil field equipment, timber in its natural state, farm machinery and grain, 'Specialized Motor Carrier' certificates when it is shown by substantial evidence that there exists (1) a public necessity for such service, and that (2) public convenience will be promoted by the granting of said application."

Section 5a(d) in part reads:

" * * * The Commission shall have no authority to grant any application for a certificate of convenience and necessity authorizing operation as a 'Specialized Motor Carrier' or any other common carrier unless it is established by substantial evidence (1) that the services and facilities of the existing carriers serving the territory or any part thereof are inadequate; (2) that there exists a public necessity for such service, and (3) the public convenience will be promoted by granting said application. The order of the Commission granting said application and the certificate issued thereunder shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service."

In Shupee v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505, the rule to be followed by the Courts in appeals from orders of the Commission is stated. The meaning and effect of the Substantial Evidence Rule is recited and set out in Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, and we will not set such out herein in the interest of space, but refer to subsequent holdings such as:

Board of Water Engineers et al. v. Colorado River Municipal Water District, 152 Tex. 77, 254 S.W.2d 369.

There was extensive testimony given in the trial of the case, and those called by the plaintiff testified generally to the effect that the existing services and equipment were adequate and that no demand had been made on plaintiffs for service that was not met.

Among the witnesses called by the defendants was J. W. Bettis, who testified that he was Executive Vice President of Robertson Transports, Inc., and President of Robertson Tank Lines, Inc., and described what he considered an innovation in the transportation of bulk commodities, which was a new trailer, a pneumatic type wherein most all dry commodities can be handled the same as liquid, by aeration, and a load can be drawn in and blown off, and exhibited a descriptive brochure published by the manufacturers, which the witness testified would eliminate labor and expensive conveyor systems, and at the requests of numerous shippers, his companies filed the applications which were granted and the orders issued which were involved in the trial. That at the time of the hearing before the Commission his company had two such trailers operating, and set out his plans of operation.

On cross examination Mr. Bettis testified that he knew the appellants had authority to transport dry bulk commodities prior to the order of September 30, 1960, and that the application was for authority to transport dry bulk commodities in pneumatic trailers, and in other vehicles, and this would include lime or calcium oxide, and would use the type of trailers best suited for the commodity and to the receiver, and requested the Commission not to limit the use of one particular type of equipment.

There are only five producers and marketers of lime in this State, Austin White

Lime Company and Round Rock White Lime Company who appeared in support of plaintiffs' services, and testified that these services were sufficient to handle their demands for public transportation, and had not received any request for movement of lime in pneumatic trailers. United States Gypsum Company appeared in support of the applicants, but had received adequate service, and had not called on appellees to furnish pneumatic unloading equipment and had not been requested by any consignees for that type of equipment. Neither of the other two lime producers appeared, and it may not be presumed that such lime producers had need for additional service.

There was no evidence of a public need for a new competitive authority for the transportation of lime or calcium oxide.

■ Existing carriers are entitled to transport all of the traffic in the area of their authority as long as they can do so in a reasonably adequate manner, and until it be shown by substantial evidence that the existing carriers cannot adequately handle the traffic, there is no basis upon which new and competing operating rights can be granted.

There is no reason shown why the applicants cannot continue to use the pneumatic type unloading trailers as they were doing with at least one at the time of hearing.

■ The Trial Court did not usurp the functions of the Commission, but did upon the basis of the testimony find that the action of the Commission in granting the orders was not supported by substantial evidence, and we believe properly so.

Robertson Transports, Inc., et al. v. Transport Co. of Texas et al., Tex.Civ.App., 269 S.W.2d 472, er. ref. N.R.E.

■ The Trial Court did not err in refusing to admit into evidence the transcript of testimony heard by the Railroad Commission.

The transcript was offered to show that there was substantial evidence before the Commission at the time it acted, and for this limited purpose.

The transcript of the evidence before the Commission is not admissible as such.

Railroad Commission of Texas et al. v. Rau, Tex.Civ.App., 45 S.W.2d 413, er. dism.; Miller et al. v. Tarry et al., Tex.Civ. App., 191 S.W.2d 501 er. ref.

The judgment of the Trial Court is affirmed.