M. L. BROCKETTE, Commissioner of Education of Texas, et al., Appellants,

v.

**WESTHEIMER INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 12558.

Court of Civil Appeals of Texas, Austin.

On Motion for Rehearing Jan. 26, 1977.

Rehearing Denied Feb. 16, 1977.

John L. Hill, Atty. Gen., M. Lynn Taylor, Sp. Asst. Atty. Gen., Austin, for appellant, M. L. Brockette, Commissioner of Education.

William Key Wilde, Kelly Frels, J. Woodfin Jones, Bracewell & Patterson, Houston, for appellant, Houston Ind. School Dist.

James E. Ross, William A. Harrison, Ross, Griggs & Harrison, Houston, for appellee.

SHANNON, Justice.

The opinion of this Court filed on December 22, 1976, is withdrawn, and the following opinion replaces it.

This is an appeal from a permanent injunction entered by the district court of Travis County enjoining the Commissioner of Education from conducting a hearing inquiring into the validity of the creation of Westheimer Independent School District. Appellants are M. L. Brockette, Commissioner of Education of the State of Texas, the Board of Trustees of the Houston Independent School District, and the Houston Teachers Association. Appellee is Westheimer Independent School District.

On March 21, 1972, the County School Trustees of Harris County entered their order creating the Westheimer Independent School District, appointing an interim board of trustees, and apportioning the pro rata amount of the bonded indebtedness to the Houston Independent School District to be assumed by Westheimer Independent School District. The new school district was created from territory detached from Houston Independent School District and Spring Branch Independent School District.

Houston Independent School District prosecuted an administrative appeal to the Commissioner of Education. After hearing the Commissioner reversed the order of the Harris County School District Trustees.

Westheimer Independent School District perfected an appeal of the Commissioner's order to the State Board of Education. After hearing and on October 7, 1972, the State Board of Education reversed the Commissioner's order and affirmed the order of the County School Trustees of Harris County. Houston Independent School District *did not* perfect an appeal of the order of the State Board of Education to the district court of Travis County.

A desegregation suit against Houston Independent School District was filed in the United States District Court for the Southern District of Texas before the organization of Westheimer Independent School District. Westheimer was joined as a party to that suit in 1971 and was referred to therein as "The Proposed Westheimer Independent School District." After October 7, 1972, and after Houston Independent School District did not appeal the order of the State Board of Education to the district court of Travis County, several parties in the desegregation suit, including Houston Independent School District, sought an injunction against Westheimer Independent School District to prevent it from commencing operations as a school. In order to establish that Westheimer Independent

School District was an existing legal entity with the capacity to be sued, both Houston Independent School District and Westheimer Independent School District stipulated in the suit in United States district court as follows:

". . . the administrative procedures prescribed by the State of Texas for the establishment of the Westheimer Independent School District were exhausted and thereupon, pursuant to the statutory law of Texas, the Westheimer Independent School District became established within the following territory in Harris County, Texas . . ."

Following the entry of the stipulation the United States district court enjoined Westheimer Independent School District from commencing operations for three years. The injunction has now expired and the United States district court has declined to renew or extend the injunction.

On March 29, 1976, the Board of Education of Houston Independent School District adopted the following resolution:

"RESOLVED, That the proponents of the proposed Westheimer Independent School District be placed on notice that the Houston Independent School District Board of Trustees opposes the creation and operation of the proposed Westheimer Independent School District; and be it further

"RESOLVED, That the attorneys for the Houston Independent School District are authorized to take whatever steps necessary to prevent the proposed Westheimer Independent School District from being created and from becoming operational."

In July and August, 1976, counsel for Houston Independent School District wrote the County School Trustees for Harris County requesting, in effect, that the Trustees reverse their order creating Westheimer Independent School District. Counsel assigned many reasons for reversal of the order entered more than four years previously:

(1) Spring Branch Independent School District had now withdrawn its consent to detachment of the territory from its district.

(2) Testimony offered in the original hearing was not offered under oath and was not subject to cross-examination.

(3) The 1972 order was not supported by findings of fact.

(4) Westheimer Independent School District ". . . has not been established nor has it begun operation," and that now a majority of persons now residing in the area have not signed a petition asking for the creation of the proposed district.

(5) The Board acted upon erroneous information related to the boundaries of Westheimer Independent School District, and that those lines created isolated islands of territory not contiguous to the balance of the territory of Houston Independent School District.

(6) There was no administrative or educational justification for the creation of Westheimer Independent School District.

(7) That an order of the United States District Court for the Eastern District prohibited the Commissioner of Education and others from approving changes in school boundary lines designed to maintain or encourage a dual school system based upon race.

(8) That Westheimer Independent School District should not be created because its creation would have an adverse effect on the ability of the Houston Independent School District to operate a "unitary school system."

(9) That a recent survey revealed that a part of the Katy Independent School District is included within the boundaries of the Westheimer Independent School District.

The County School Trustees of Harris County refused to reverse its position and refused to grant the request for a rehearing. Houston Independent School District then appealed to the Commissioner of Education.

In its administrative pleading filed with the Commissioner, Houston Independent School District asserted many of the same grounds urged upon the County School Trustees of Harris County. The Commissioner set a hearing in the matter for November 4, 1976. By letter to all interested parties the Commissioner stated that evidence pertaining to any issue raised by the pleadings filed by the parties would be received and considered at the November 4 hearing.

In the meantime, the interim Board of Trustees of Westheimer Independent School District passed a resolution fixing the date for the election of permanent trustees and for approval of certain bonded debt questions for January 15, 1977.

On October 18, 1976, Westheimer Independent School District filed its petition in the district court of Travis County seeking injunctive relief against the Commissioner. In its pleading Westheimer Independent School District claimed that unless enjoined, the Commissioner would rehear the matter of its creation. Westheimer Independent School District claimed the Commissioner would pass upon questions concerning its creation in the November 4 hearing and hence was threatening to dissolve its creation resulting in irreparable injury to it and contrary to the laws of the State. Westheimer Independent School District claimed further that the Commissioner was further threatening to reverse an order of the State Board of Education, an action outside the bounds and limits of his authority and powers of his office.

Houston Independent School District intervened in the suit as did the Houston Teachers Association.

After hearing, the district court entered the injunctive order which the parties have agreed may be treated as a permanent injunction. The court incorporated findings of fact and conclusions of law within that order. The district court concluded *inter alia* that the Houston Independent School District did not appeal the October 7, 1972, order of the State Board of Education to the district court of Travis County and, as a result, the October 7, 1972, order became final. The court concluded further that the administrative proceeding commenced by Houston Independent School District in July, 1976, before the County School Trustees of Harris County, and appealed to the Commissioner of Education came ". . . too late, is improper, is absolutely of no effect, is null and void, confers no authority to [upon] the Commissioner to hold any hearing involving the Westheimer Independent School District." The court concluded additionally that Westheimer Independent School District was legally created and was entitled to begin operations without ". . . further hindrance from anyone." The court found finally that unless the Commissioner of Education was enjoined from conducting the scheduled hearing on November 4, 1976, irreparable injury would result to Westheimer Independent School District and that there was no adequate remedy at law.

Accordingly, the court enjoined the Commissioner of Education from conducting the hearing of November 4, 1976, and in addition enjoined the Commissioner from conducting further hearings for the purpose of inquiring ". . . back into the validity of the creation of the Westheimer Independent School District." The court also enjoined any party to the suit from interfering with the upcoming election for a permanent Board of Trustees for Westheimer Independent School District.

The validity *vel non* of the October 7 order was not put in issue in the injunctive proceedings in district court. Houston Independent School District did not plead in district court that the order was void, nor did it tender evidence in support of that contention. That matter, then, is not before this Court, and we express no opinion as to the validity of the creation of Westheimer.

In our opinion the district court correctly concluded that the order of October 7, 1972, was final. The reasons for our conclusion follow.

Though Tex.Educ. Code Ann. § 11.13(c) fixes no time limit during which

the aggrieved party must file an appeal, such an appeal must be brought within a reasonable time. *Midas Oil Co. v. Stanolind Oil and Gas Co.*, 142 Tex. 417, 179 S.W.2d 243 (1944), *Board of Water Engineers v. Colorado River M. W. Dist.*, 152 Tex. 77, 254 S.W.2d 369 (1953), *Combs v. State*, 526 S.W.2d 648 (Tex.Civ.App.1975, writ ref'd n.r.e.). The order of the State Board of Education is now final because a delay of four years is, as a matter of law, unreasonable. *Board of Water Engineers v. Colorado River M. W. Dist., supra, Combs v. State, supra.* Appellants are, as a result, precluded from reopening the administrative proceedings.

■ Appellants contend, among other things, that Westheimer Independent School District has not exhausted its administrative remedies before resorting to judicial relief. Appellants say that Westheimer should await the determination of the Commissioner, and then, if needful, appeal to the State Board of Education. Appellants' argument ignores the fact that Westheimer has already run the administrative gantlet which terminated successfully for Westheimer in the order of October 7. In another court and on another day, at least one appellant, Houston Independent School District, recognized that ". . . the administrative procedures prescribed by the State of Texas for the establishment of the Westheimer Independent School District were exhausted and . . . the Westheimer Independent School District became established . . ." Because the order of October 7 is final, there is no sound reason for forcing Westheimer through the administrative process a second time. The futility of requiring a second exhaustion of those remedies is apparent.

Even though the October 7 order may be final, Houston Independent School District argues that the matter should be reopened by the Commissioner. The case should be reopened, Houston says, because conditions have changed and new evidence has come to light. In support of that assertion Houston points to its contentions in its administrative pleadings that Spring Branch had withdrawn its consent, that perhaps people have moved out of and into the Westheimer territory, and that a new survey supposedly shows that some territory of the Katy school district is included in that of Westheimer and some Houston territory may have been left nonadjacent to its remaining territory.

■ It is true that administrative matters are sometimes re-examined by agencies even though final orders have been entered. Davis, *Res Judicata in Administrative Law,* 25 Texas L.Rev. 199 (1947). This occurs frequently wherein the agency is empowered to create an entity or to issue a license, but refuses to do so. At a later time the agency may reopen the matter upon a showing of changed conditions. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73 (1939). For example, the Savings and Loan Commissioner may deny a charter for a savings and loan association for a particular location upon the basis of no public need and insufficient volume of business. The Commissioner is not precluded at a later time from entertaining an application for another charter for the same location, and from granting the charter should the changed economic facts warrant. Nevertheless, the Savings and Loan Commissioner, after a final order granting the charter for a new savings institution, should not be permitted to reopen the charter matter upon the basis of changed economic conditions.

■ The October 7 order of the Board of Education affirmed an order approving the creation of a new school district. That order was subject to appeal to the district court of Travis County, but after the lapse of a reasonable time without appeal the order became final. Counsel for all parties agree that after approval by the State Board of Education and without an appeal there was no other agency review or implementation necessary before the school district could become operative. But for the injunction in the desegregation suit, which has now expired by its own terms, Westheimer Independent School District probably would have been long ago operative. Four

 **837**

years after the creation of the school district, changed conditions or newly discovered evidence should not be the basis for reopening the matter of the creation of the school district.

■ The Commissioner of Education claims the judgment of the district court prohibits him from performing the duties imposed upon him by order of the United States District Court for the Eastern District of Texas sitting at Tyler. As a result, the Commissioner professes that he knows not whether to obey the order of that court or the judgment of the district court of Travis County. The district court's judgment has not interfered with the Commissioner's responsibilities imposed by the court at Tyler. The Commissioner is free to make such investigations and reports as are required.

Contrary to Houston's contention, it is clear that the purpose of the Commissioner's hearing set for November 4, 1976, was not to serve merely as a fact-finding proceeding to gather information for transmittal to the court at Tyler. An examination of the administrative pleadings and the Commissioner's letter supports this conclusion. The prayer in Houston's pleading asks, among other things, that the "decisions" of the Harris County Board of School Trustees be reversed as those decisions related to the creation and operation of Westheimer; that the creation of Westheimer be declared void and without effect; and that the creation and operation of Westheimer; that the creation of Westheimer be declared void and without effect; thereafter informed all parties that evidence pertaining to any issue raised by the pleadings filed by all of the parties would be received and considered by him at the November 4 hearing.

Finally, Houston argues that even though the October 7 order may be final, the district court's judgment precludes a challenge by Houston, and others, of the validity of Westheimer's creation in the appropriate State district court. We have concluded that the terms of the district court's judgment may include that prohibition. We,

therefore, reform the judgment to permit the parties, should they desire, to file such a suit in the appropriate district court of this State. In all other respects the judgment is affirmed.

Affirmed as Reformed on Motion for Rehearing.