Talmadge F. COMBS, Appellant,

v.

The STATE of Texas, Appellee.

Talmadge F. COMBS, Appellant,

v.

RAILROAD COMMISSION OF TEXAS, Appellee.

Nos. 12313, 12314.

Court of Civil Appeals of Texas, Austin.

July 23, 1975.

Rehearing Denied Sept. 10, 1975.

Thomas Burch, Sour Lake, for appellant; Talmadge F. Combs, pro se.

John L. Hill, Atty. Gen., Jerry H. Roberts, Linward Shivers, Asst. Attys. Gen., Austin, for appellees.

SHANNON, Justice.

Upon our motion we have consolidated for purposes of appeal, cause numbers 12,313 and 12,314. Both causes will be disposed of in this opinion.

In No. 12,313, appellee, The State of Texas, sued appellant, Talmadge Combs in December of 1972, in the district court of Travis County for civil penalties for an alleged violation of a special order of the Railroad Commission of Texas. In general, the special order required appellant to plug certain oil and gas wells in Hardin County. In its suit appellee also sought an injunction requiring appellant to comply with the special order. Upon trial to the court, judgment was entered denying appellee recovery of civil penalties, but requiring the clerk to issue an injunction ordering appellant to comply with the special order. We will affirm the judgment.

On August 3, 1971, the Railroad Commission of Texas entered Special Order No. 3-60,475. That order pertained to the plugging of the Norvell Lease Wells one and three, Sour Lake Field in Hardin County. The Commission found in that order that appellant was the "operator" of the wells within the meaning of Tex.Rev.Civ.Stat. Ann. Art. 6005; that those wells were abandoned and were causing, or were likely to cause, pollution of fresh water above or below the ground; and that those wells had not been properly plugged pursuant to Art. 6005. By the terms of the special order appellant was directed to plug the wells.

Appellant's first point of error is that appellee ". . . failed to produce evidence necessary to prove that the defendant [appellant] is the 'operator' as term is defined . . ." in Art. 6005.

Special Order No. 3-60,475 named appellant as operator of the wells and ordered that he plug the wells. That order was entered in August of 1971, and appellant took no appeal. The order is regular on its face, is presumed valid, and will be enforced in the absence of a direct attack. *Magnolia Petroleum Co. v. Railroad Commission*, 128 Tex. 189, 96 S.W.2d 273 (1936), *Corzelius v. Harrell*, 143 Tex. 509, 186 S.W.2d 961 (Tex.1945). Appellant's first point of error is overruled.

Appellant's second point is that the court erred in entering judgment for appellee because the evidence ". . . clearly proved SUBSTANTIAL PERFORMANCE on the part of the defendant [appellant] in plugging the wells to remove a condition for which the defendant [appellant] was not responsible for creating in the first place and to order defendant [appellant] to make forced expenditures for a condition which he did not create is to deny him due process and equal protection guarantedd [sic] to defendant under the Constitution of the State of Texas."

That part of point of error two claiming a violation of appellant's constitutional rights was not pleaded. Had that violation been pleaded, it, like the first point of error, would have constituted an impermissible collateral attack on Special Order No. 3-60,475.

We are satisfied that the statement of facts shows that appellant had not com-

plied with the special order, and that the district court properly ordered appellant to so comply. Statewide Rules 14(c)(1–a), 14(c)(1–e) and 14(c)(1–g) of the Commission require the placement of a one-hundred-foot concrete plug immediately above perforations and additional cement plugs as requested by the district director at the fresh water depth, and the use of mud of a certain weight. Appellant's testimony showed a noncompliance. Appellant testified that he had caused the wells to be filled with pit mud and that thirteen sacks of cement were then used to cement the upper sixty feet of the wells. Brooks Peden, an employee of the Commission, was permitted to testify without objection that from an examination of the records of the Commission he had made a determination that appellant had not complied with the special order.

The remaining portion of this opinion concerns cause number 12,314. On November 21, 1974, appellant, Talmadge Combs, filed suit against appellee, Railroad Commission of Texas, in the district court of Travis County. In response, the Commission filed a number of special exceptions and "pleas in abatement" and a general denial. Upon hearing, the district court entered an order in which the cause was ". . . dismissed from the docket of this Court. . . ."

The language of appellant's trial pleading is neither very clear nor precise. In those pleadings appellant referred to the Commission's special order of August 3, 1971, (No. 3–60,475) by the terms of which he was ordered to plug the Norvell Lease Wells one and three. Appellant pleaded that he did plug the wells and that he furnished the Commission with the required reports. Appellant's pleading then referred to the investigation of the Commission to ascertain whether or not the wells had been properly plugged, and to the intra-agency determination that appellant had not complied with the special order. Appellant's pleadings made further reference to the fact that at

his request he was invited to a conference with Brooks Peden, an employee of the Commission, and others, concerning whether or not he had complied with the special order. Appellant described that meeting as a "hearing" and contended that it was invalid because it was ". . . not held before the Commission sitting as a body . . . ." As a result of that meeting, appellant received a letter dated March 5, 1974, presumably from Peden, in which was detailed the position of the Commission with respect to what appellant had to do to comply with the special order. Appellant's pleading characterized that instrument as an "executive order." Some claim is made by appellant that his suit was an appeal to the district court from the so-called executive order.

In further paragraphs, appellant averred that he ". . . cannot be the LEGAL OPERATOR of the wells so as to give the defendant [the Commission] jurisdiction over him," and, thereafter, he alleged facts to support that contention.

Among other things, the Commission specially excepted to appellant's pleading as a whole upon the basis that it failed to state a cause of action. The basis for the special exception was that appellant's pleading showed on its face that it was an attempt to appeal from the special order entered by the Commission on August 3, 1971, and that the petition filed on November 21, 1974, was, as a matter of law, not timely filed.

■ We have experienced some difficulty in determining the exact nature of appellant's claim. We have concluded that appellant's basic complaint is that, for many reasons, the Commission should not have determined that he was an "operator" under Art. 6005, and for the Commission ". . . to single him out to remove a condition [plug the wells] for which he is in no way responsible for [sic] violates due process and equal rights of the plaintiff gauranteed [sic] to him under the Constitution." Appellant's contentions are those properly made in an appeal of the special order to the district court. Accordingly, we construe appel-

lant's suit to be an attempt to appeal from the special order.

Tex.Rev.Civ.Stat.Ann. Art. 6049c § 8 provides in part: "Any interested person affected by . . . any . . . order made . . . by the Commission . . . and who may be dissatisfied therewith, shall have the right to file a suit in . . . Travis County . . . to test the validity of said . . . orders." Though the statute fixes no time limit during which the dissatisfied party must file this appeal, such appeal must be brought within a reasonable time. *Midas Oil Co. v. Stanolind Oil and Gas Co.*, 142 Tex. 417, 179 S.W.2d 243 (1944), *Board of Water Engineers v. Colorado River M. W. Dist.*, 152 Tex. 77, 254 S.W.2d 369 (1953); see *Railroad Commission of Texas v. Aluminum Company of America*, 380 S.W.2d 599 (Tex.1964). Appellant's delay of three years, three months, and eighteen days from the date of the entry of the special order to the date of the filing of his petition in district court is, as a matter of law, unreasonable. *Board of Water Engineers v. Colorado River M. W. Dist., supra.*

The judgments in both cause numbers 12,313 and 12,314 are affirmed.