Peter JOLLY d/b/a Mid–States Management, Appellant,

v.

STATE of Texas, Appellee.

No. 3–92–544–CV.

Court of Appeals of Texas, Austin.

July 7, 1993.

Rehearing Overruled Aug. 11, 1993.

860

Roy A. Pollack, Lloyd A. Muennink, Law Offices of Lloyd Muennink, Austin, for appellant.

Dan Morales, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

This is a statutory cause of action to enforce a final order of the Railroad Commission of Texas. The Commission ordered appellant, Peter Jolly d/b/a Mid–States Management, to plug three inactive oil wells and imposed administrative penalties. *See* Tex.Nat.Res.Code Ann. §§ 85.-351–.352, 85.381–.383, 89.121 (West 1993). The trial court granted a mandatory injunction that ordered Jolly to plug or otherwise bring the wells into compliance with Commission regulations, imposed civil penalties of $75,000, and awarded attorney's fees and costs. *See* Tex.Nat.Res.Code Ann. § 85.381 (West 1993); Tex.Gov't Code Ann. § 402.006 (West 1990). Jolly appeals the trial-court judgment. We will affirm.

## BACKGROUND

On December 18, 1989, after notice and hearing, the Commission issued its final order that Jolly plug or otherwise bring three wells designated as "C.R. Loessberg (01836) Lease, Well Nos. 1, 2 and 3, Fairfield Field, Bexar County, Texas" into compliance with Commission regulations and pay an administrative penalty of $6,000. Jolly did not appear at the Commission hearing. When Jolly failed to file a motion for rehearing in the Commission and failed to bring suit for judicial review in district court, the Commission's order became final. *See* Administrative Procedure and

Texas Register Act ("APTRA"), Tex.Rev. Civ.Stat.Ann. art. 6252–13a, §§ 16(c), 19 (West Supp.1993).

After Jolly failed to comply with the Commission order, the State initiated this cause seeking a mandatory injunction to compel compliance, civil penalties, and attorney's fees. A hearing was conducted on February 18, 1992, at which Jolly appeared pro se. The trial court granted the injunction, and awarded civil penalties of $36,000 and attorney's fees. The court also ordered that, if the wells were not plugged within sixty days, further civil penalties of $10,000 per well, per day would be imposed. The trial court recessed the proceeding until July 29, 1992, when, after Jolly had still failed to plug the wells, the trial court conducted a second hearing. The trial court rendered a final judgment that ordered Jolly to plug the wells within forty-five days, increased the civil penalties to $75,000, and awarded additional attorney's fees. Jolly appeals and urges five points of error.

### DISCUSSION

In his first three points of error, Jolly asserts that (1) the trial court erred in refusing to allow a challenge to the Commission's final order; (2) the trial court erred when it "propagated the Railroad Commission's extrinsic fraud"; and (3) the trial court denied him due process.

By these points of error, Jolly attempts to argue his defense of mistaken identity. Jolly denies that he was the operator of the three wells in question and claims a clerical error in filing a form with the Commission resulted in his being charged with plugging the wells. *See* Tex.Nat.Res.Code Ann. § 89.002 (West 1993). Jolly also asserts that the Commission failed to honor his request for witnesses to attend the hearing, failed to consider as evidence "data" he submitted by mail, failed to review the Commission's own records, misled him about the nature of the hearing, and failed to join as parties the culpable operators of the wells.

■ However valid these defenses may be, they are nonetheless collateral attacks on a Commission order that is now final and unappealable. A final order of the Commission that is valid on its face is not subject to collateral attack in a subsequent enforcement proceeding. *Corzelius v. Harrell,* 143 Tex. 509, 186 S.W.2d 961, 967 (Tex.1945); *Magnolia Petroleum Co. v. New Process Prod. Co.,* 129 Tex. 617, 104 S.W.2d 1106, 1110 (Tex.1937); *Texas Steel Co. v. Fort Worth & D.C. Ry. Co.,* 120 Tex. 597, 40 S.W.2d 78, 81 (Tex.1931); *Combs v. State,* 526 S.W.2d 648, 649 (Tex.Civ.App.— Austin 1975, writ ref'd n.r.e.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976). In *Combs* this court refused to allow collateral attacks on a final Commission order to plug wells based on arguments similar to those Jolly asserts in the immediate case—that the appellant was not the "operator" of the wells and that appellant's due-process rights were denied. We conclude that Jolly's arguments in his first three points of error are impermissible collateral attacks on a final Commission order.

■ Jolly also asserts under point of error two that he did not receive notice of the Commission's final order. *See* APTRA § 16(b); *Commercial Life Ins. Co. v. Texas State Bd. of Ins.,* 774 S.W.2d 650, 652 (Tex.1989); *Meador–Brady Management Co. v. Texas Motor Vehicle Comm'n,* 833 S.W.2d 683, 685–86 (Tex.App.—Austin 1992, writ granted). The Commission record, admitted without objection, indicates that notice of its final order was mailed to Jolly's correct address. Jolly did not raise the notice issue until his motion for new trial in the district court and the record contains no evidence to show Jolly did not receive notice. We conclude that Jolly has not preserved any complaint for review. Tex.R.App.P. 52(a). We overrule Jolly's first three points of error.

■ In his fourth point of error, Jolly argues the trial court erred in conducting the February 18, 1992, hearing because Jolly was not represented by counsel. Jolly had retained counsel before the February 18, 1992, hearing; however, counsel withdrew immediately before the hearing without objection by Jolly. The record

shows that Jolly announced ready and that he willingly and knowingly participated in the hearing pro se. *See* Tex.R.Civ.P. 7. Jolly did not request a continuance or object to the hearing. Absent "a timely request, objection or motion" to the trial court and a ruling thereon, nothing is preserved for appellate review. *See* Tex. R.App.P. 52(a). Accordingly, we overrule Jolly's fourth point of error.

■ In his fifth point of error, Jolly contends the trial court erred in imposing excessive civil penalties. The trial court ultimately imposed civil penalties of $75,000 and awarded $3,000 in attorney's fees. Jolly argues that the penalties are inappropriate because (1) he has no legal obligation to plug the wells; (2) he has been denied due process "at every level"; and (3) the wells pose no hazard because they are old wells. The issues of whether the wells should be plugged and Jolly's legal obligation to do so were established by the Commission's final order, which is not subject to collateral attack. As discussed above, any deficiency in the presentation of his case was due to Jolly's own neglect rather than any denial of due process.

The Commission may impose administrative penalties up to $10,000 per day for each violation of Commission rules and orders that relate to safety or the prevention or control of pollution. Tex.Nat.Res.Code Ann. § 81.0531 (West 1993). Similarly, civil penalties up to $10,000 per day are available for each violation of a Commission order that pertains to safety or the prevention or control of pollution. Tex.Nat.Res. Code Ann. § 85.381 (West 1993).

In the immediate case, although the wells had been abandoned and had remained unplugged for several years, the Commission initially imposed an administrative penalty of only $6,000. By the February 18, 1992, hearing, Jolly had been in violation of the Commission's final order to plug the three wells for over two years. The trial court added only an additional $30,000 in civil penalties and gave Jolly sixty days to plug the wells before further penalties would be imposed. By the July 29, 1992, hearing, an additional five months

passed and Jolly failed to comply with the trial court's mandatory injunction. Accordingly, the trial court increased the civil penalties to $75,000. Given Jolly's continued refusal to plug the wells, we conclude that the trial court did not err in imposing this amount as a civil penalty. We overrule Jolly's fifth point of error.

## CONCLUSION

Having overruled Jolly's points of error, we affirm the trial court's judgment.