Rader v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-065-CV




HARVEY RADER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT 



NO. 91-15037, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 



 

 

 An oil operator complains of a mandatory injunction to enforce two Railroad
Commission orders to plug two abandoned wells. We will affirm the judgment of the trial court.



BACKGROUND


 Harvey Rader d/b/a Rader Oil Company was found to be the operator of Well No.
B-2 and Well No. 1 of the King Ranch Lease in the Kingsville Field of Kleberg County. In two
separate dockets, the Railroad Commission ordered Rader to plug the two wells and assessed
administrative penalties of $3000 in each docket. Tex. Nat. Res. Code Ann. §§ 81.0531, 89.001,
89.011 (West 1993) (the "Code"). Rader did not appear at the proceedings and did not seek
judicial review of the Commission's orders. 

 When Rader did not plug the wells or otherwise bring them into compliance and
did not pay the penalties or post a bond, the Commission sought enforcement of its orders in the
district court of Travis County. Code §§ 85.351, 89.121. The trial court issued an injunction
ordering Rader to plug the wells, assessed civil penalties of $15,000 plus post-judgment interest,
and ordered Rader to pay court costs and attorney's fees. Code §§ 85.352, .381; Tex. Gov't Code
Ann. § 402.006 (West 1990). Rader brings this appeal complaining of a lack of due process in
the Commission's manner of service, raising evidentiary issues, and arguing that the trial court
was not authorized to assess civil penalties or attorney's fees and improperly granted affirmative
injunctive relief.



 DISCUSSION


DUE PROCESS

 In his first point of error, Rader brings a constitutional challenge to the notice
provisions of the Code, alleging that only personal service of proceedings before the Commission
can afford due process to an operator subject to a Commission order that may be enforced by
administrative and civil penalties and mandatory injunction. See Code § 89.041 (requiring "due
notice" in such proceedings); Act of May 4, 1993, 73d Leg., R.S., ch. 268, sec. 1, § 2001.051,
1993 Tex. Sess. Law Serv. 587, 742 (to be codified as Administrative Procedure Act, Tex. Gov't
Code Ann. § 2001.051) (requiring "reasonable notice" of not less than ten days to parties in
contested cases). (1) Despite the Commission's compliance with these statutory notice requirements,
Rader complains that he only received notice of these proceedings by mail and argues that this
method of service is a constitutional infirmity that renders the Commission's orders invalid and
not subject to enforcement in the present cause of action. 

 When Rader failed to file a motion for rehearing in the Commission and failed to
bring suit for judicial review in district court, the Commission's orders became final. See APA
§§ 2001.144-.145, .171. A final order of the Commission that is valid on its face is not subject
to collateral attack in a subsequent enforcement proceeding. Jolly v. State, 856 S.W.2d 859, 861
(Tex. App.--Austin 1993, writ requested) (citing Corzelius v. Harrell, 143 Tex. 509, 186 S.W.2d
961, 967 (Tex. 1945); Magnolia Petroleum Co. v. New Process Prod. Co., 129 Tex. 617, 104
S.W.2d 1106, 1110 (Tex. 1937); Texas Steel Co. v. Fort Worth & D.C. Ry. Co., 120 Tex. 597,
40 S.W.2d 78, 81 (Tex. 1931); Combs v. State, 526 S.W.2d 648, 649 (Tex. Civ. App.--Austin
1975, writ ref'd n.r.e.), cert. denied, 426 U.S. 922 (1976)). In both Jolly and Combs, this Court
refused to entertain collateral attacks on final orders of the Commission, even complaints about
a denial of due process in Commission proceedings. Because Rader brings an impermissible
collateral attack on a final order of the Commission, we overrule the first point of error.



EVIDENTIARY ISSUES

 In his second point of error, Rader complains of evidence admitted by the trial
court. He argues that the trial court improperly admitted State's exhibits one and two, which were
summaries of the documents before the Commission in these two dockets, including the final
orders and supporting evidence of Rader's failure to plug the wells and to deposit the
administrative penalties assessed. Over Rader's objections that the exhibits were hearsay, were
improperly authenticated, and were not furnished fourteen days in advance as "business records,"
the court properly admitted the exhibits as self-authenticating public records and reports. Tex.
R. Civ. Evid. 803(8). 

 Rader also complains of the testimony of the State's expert witness, Felix Daily,
who identified the agency documents contained in exhibits one and two, and testified as to Rader's
noncompliance and the irreparable harm which that noncompliance might occasion. We hold that
the court properly overruled the hearsay objection to Daily's testimony and that appellant failed
to preserve any objection to Daily's qualification as an expert. Tex. R. App. P. 52(a). We
overrule the second point of error. 

 Having concluded that the court properly admitted the two exhibits and properly
allowed Daily to testify that the wells had not been plugged, we overrule Rader's third point of
error that there is no evidence or insufficient evidence to support the trial court's judgment. 


PENALTIES, ATTORNEY'S FEES, AND INJUNCTION 

 In his final three points of error Rader complains of the trial court's judgment (1)
assessing additional penalties of $15,000 for his noncompliance, (2) awarding attorney's fees, and
(3) issuing a mandatory injunction against him. We find all of these complaints to be without
merit. In Carbide International, Ltd. v. State, 695 S.W.2d 653 (Tex. App.--Austin 1985, no writ),
this Court held that section 85.381 of the Code authorizes the trial court to assess civil penalties
of up to $10,000 per day for an operator's failure to comply with the Commission's order to plug
an abandoned well. The 1983 amendment to the Code does not change our interpretation of that
statute's applicability in this situation. See Jolly, 856 S.W.2d at 862 (upholding civil penalties
under section 81.0531 for failure to plug abandoned well). We overrule the fourth point of error. 
Concluding that the State was entitled to attorney's fees under Texas Government Code section
402.006, we also overrule point of error five. 

 Finally, we consider appellant's complaint that because a legal remedy exists, the
court was without authority to grant injunctive relief to the State, especially affirmative injunctive
relief. Rader's complaint ignores sections 85.351 and 85.352 of the Code which specifically
authorize the State to seek a mandatory injunction to enforce a Commission order. See Jolly, 856
S.W.2d at 862; Combs, 526 S.W.2d at 649 (affirming injunctions ordering operators to plug
abandoned wells). We overrule the sixth point of error.



CONCLUSION


 Finding no error, we affirm the trial court's judgment.

 


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith 

Affirmed

Filed: November 10, 1993

Do Not Publish
1. [1] All citations in this opinion are to the current Administrative Procedure Act rather than
to the former Administrative Procedure and Texas Register Act, because the recent
codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch.
268, § 47, 1993 Tex. Sess. Law Serv. 587, 988; id. sec. 1, §§ 2001.001-.902, 1993 Tex.
Sess. Law Serv. at 737-54 (to be codified as Administrative Procedure Act, Tex. Gov't Code
Ann. §§ 2001.01-.902) [hereinafter APA].