TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00652-CV






Hartwin R. Peterson, D.C., Appellant



v.



The Texas Board of Chiropractic Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-07263, HONORABLE HUME COFER, JUDGE PRESIDING 







 This is a purported collateral attack on a final order of The Texas Board of
Chiropractic Examiners (the "Board") revoking appellant Hartwin R. Peterson's chiropractic
license. Peterson brings this appeal after the district court dismissed the cause for want of
jurisdiction. In four points of error, Peterson argues that the Board's plea to the jurisdiction was
erroneously granted because the trial court had jurisdiction to determine collaterally whether the 
Board's final order was void due to its imposition of revocation without proper notice or because
the Board failed to follow certain statutory requirements under Texas Revised Civil Statute article
4512b (hereinafter the "Chiropractic Act"). We will affirm the district court's judgment
sustaining the Board's plea to the jurisdiction and dismissing the cause.


BACKGROUND


 On March 6, 1997, the Board issued a final order revoking Peterson's license for
engaging in multiple acts of sexual misconduct that constituted "grossly unprofessional conduct"
under Title 22 section 75.1(3) of the Texas Administrative Code. See 22 Tex. Admin. Code
§ 75.1(3) (1997) (it shall be considered grossly unprofessional conduct for a licensee to engage
in sexual misconduct with a patient within the chiropractic/patient relationship); Tex. Rev. Civ.
Stat. Ann. art. 4512b, § 14a(5) (West 1998) (Board may cancel, revoke, or suspend licenses for
engaging in grossly unprofessional or dishonorable conduct). (1) These acts of sexual misconduct
were reported to the Board in October 1993 by one of Peterson's female patients.

 After the Board issued its order revoking Peterson's license, Peterson timely filed
a motion for rehearing. In his motion for rehearing, Peterson argued, as he does here, that
because the Board invoked jurisdiction only under section 14e(e) of the Chiropractic Act, the
Board was without jurisdiction to issue its order. To understand the context of Peterson's
complaints, however, it is necessary to first conduct a brief history and overview of the
Chiropractic Act.

 In 1949, the Texas Legislature established the Texas Board of Chiropractic
Examiners. See Act of April 27, 1949, 51st Leg., R.S., ch. 94, § 2, 1949 Tex. Gen. Laws 160
(now codified at Tex. Rev. Civ. Stat. Ann. art. 4512b, § 3). Pursuant to the creation of this
Board, the Legislature delegated to the Board broad powers to examine and license chiropractors
in this State. One such power was the Board's authority to revoke or suspend a chiropractor's
license for violations specified in the newly created act. See Act of April 27, 1949, 51st Leg.,
R.S., ch. 94, § 14, 1949 Tex. Gen. Laws 160, 166 (now codified at Tex. Rev. Civ. Stat. Ann.
art. 4512b, §§ 14, 14a).

 In 1993, the 73rd Legislature significantly amended the Chiropractic Act. Among
other things, the amendments expanded the Board's disciplinary powers to include, in addition
to its power to revoke or suspend a chiropractor's license, the power to impose monetary
administrative penalties. See Act of June 19, 1993, 73d Leg., R.S., ch. 910, sec. 18, §§ 14, 14e,
1993 Tex. Gen. Laws 3834, 3841 (now codified at Tex. Rev. Civ. Stat. Ann. art. 4512b, §§ 14,
14e). These administrative penalties could be levied, however, only after a series of informal
conferences and reviews with the chiropractor in question. See 22 Tex. Admin. Code
§§ 75.9(c)(4) (informal conference shall be conducted as statutorily established), 75.10 (Board
may assess administrative penalty in accordance with Chiropractic Act section 14e). (2) Thus, after
1993, the Chiropractic Act provided for a dual-track system of discipline with section 14a
authorizing the more severe sanctions of cancellation, revocation, or suspension, and section 14e
authorizing the less severe sanction of monetary fines.

 The bulk of Peterson's complaints alleged procedural irregularities regarding the
administrative penalties part of the disciplinary procedure. Specifically, Peterson argued that the
Act required an enforcement committee, which is a subcommittee of the Board charged with
investigating complaints, to issue a report stating facts constituting a violation and recommending
a monetary fine to the full Board for formal action. (3) See Tex. Rev. Civ. Stat. Ann. art. 4512b,
§ 14e(a) (enforcement committee may issue to Board a report stating facts constituting a violation
of the Act and a recommendation for the imposition of an administrative penalty). Peterson
argued that the enforcement committee never issued a report in his case and therefore the Board's
final order was defective and void.

 Additionally, Peterson argued that not only did he have a right to have a report
made, he also argued that section 14e entitled him to: (1) a brief summary of the report; (4) (2) a
right to formally reject the enforcement committee's recommendation for punishment and request
a hearing; (5) or (3) a right to accept the enforcement committee's recommendation for punishment
and have it imposed. (6) Finally, Peterson argued that because this report was never made and the
aforementioned procedures were not followed, the issuance of an order by the Board "deprived
[him] of substantive due process and equal protection." Despite these arguments, Peterson's
motion for rehearing was overruled by operation of law on May 15, 1997.

 After his motion for rehearing was overruled, Peterson had thirty (30) days to file
a petition for judicial review. See Tex. Gov't Code Ann. § 2001.176(a) (West 1998) (person
initiates judicial review in contested case by filing a petition not later than 30th day after date
decision is final and appealable). It is undisputed, however, that Peterson failed to file his original
petition for judicial review within the thirty-day requirement. The record shows that Peterson
hand-delivered his original petition for filing with the district clerk on June 20, 1997, four days
after the filing deadline.

 In response to Peterson's untimely petition for judicial review, the Board filed a
plea to the jurisdiction. Peterson rejoined by filing a first amended original petition collaterally
attacking the Board's order as void. His collateral attack, however, was primarily based on the
same arguments he had previously made in his motion for rehearing and his untimely petition for
judicial review, i.e., the invalidity of the Board's order due to its failure to follow the statutory
requirements prescribed in section 14e of the Chiropractic Act.

 On August 7, 1997, the trial court held a hearing to consider the Board's plea to
the jurisdiction. After hearing extensive arguments regarding the validity of the Board's order,
the trial court concluded that Peterson's first amended original petition did not allege facts
showing that the Board lacked authority to issue its order. In an abundance of caution, however,
the trial court afforded Peterson a second opportunity to amend his pleadings and allege other facts
showing that the Board's order was void. Thereafter, on August 15, 1997, Peterson filed a
second amended original petition.

 In his second amended original petition, Peterson alleged that the Board was
without jurisdiction to revoke his license because the Board failed to give proper notice that it was
seeking revocation. As discussed in more detail below, Peterson alleged that the Board's notice
asserted jurisdiction only under section 14e(e) of the Chiropractic Act which is the section
providing the Board jurisdiction to seek monetary administrative penalties. See Tex. Rev. Civ.
Stat. Ann. art. 4512b, § 14e(e); 22 Tex. Admin. Code §§ 75.1(b), 75.10. As discussed above,
unlike sections 14 and 14a of the Chiropractic Act, which grant the Board jurisdiction to either
revoke, suspend, reprimand, or impose an administrative penalty for violating the Chiropractic
Act, section 14e(e) of the Chiropractic Act specifically authorizes the Board to issue only
monetary administrative penalties. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14 (Texas Board
of Chiropractic Examiners shall revoke, suspend, reprimand, or impose administrative penalty if
licensee violates Chiropractic Act or rule of Board); Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14e
(upon finding violation of Chiropractic Act, Board may impose administrative penalty); see also
22 Tex. Admin. Code § 75.10 (pursuant to section 14e Board may assess administrative penalty
for violation of Chiropractic Act or rule of Board).

 As in his motion for rehearing and his untimely petition for judicial review,
Peterson argued that such improper notice, in addition to the Board's failure to follow certain
statutory requirements in the Chiropractic Act, violated his constitutional rights to due process of
law. After reviewing his second amended original petition, the trial court again concluded that
Peterson failed to allege facts showing that the Board lacked authority to issue its order. 
Consequently, the trial court rendered a final judgment granting the Board's plea to the
jurisdiction and dismissing the cause for want of jurisdiction. Peterson appeals.


DISCUSSION

 It is well established that an agency's final order, like the final judgment of a court
of law, is ordinarily immune from collateral attack. See Alamo Express, Inc. v. Union City
Transfer, 309 S.W.2d 815, 827 (Tex. 1958) (concluding that collateral attack on Railroad
Commission order was impermissible because administrative statutes provided sole method of
attack); State v. Triax Oil & Gas, No. 03-97-00274-CV, slip op. at 4 (Tex. App. Austin--March
26, 1998, no pet. h.); Public Util. Comm'n v. Allcom Long Distance, 902 S.W.2d 662, 666 (Tex.
App.--Austin 1995, writ denied). Moreover, we have specifically held that a final order of an
agency that is valid on its face is not subject to collateral attack. Triax Oil & Gas, slip op. at 4;
Jolly v. State, 856 S.W.2d 859, 861 (Tex. App.--Austin 1993, writ denied). Even valid defenses
to the substance of an order are not permitted if the order has become final and unappealable. Id. 
Exceptions to this general rule excluding collateral attacks are limited. See Texas Dep't of
Transp. v. T. Brown Const., 947 S.W.2d 655, 659 (Tex. App.--Austin 1997, pet. denied). Such
exceptions will be found when an agency's order involves a fundamental error or when an agency
acts beyond its statutory authority. See T. Brown Const., 947 S.W.2d at 659; Allcom Long
Distance, 902 S.W.2d at 666.

 In four points of error, Peterson argues that the Board's plea to the jurisdiction was
erroneously granted because the trial court had jurisdiction to determine collaterally (1) whether
the Board's final order was void due to its imposition of revocation without proper notice; or (2)
whether the Board's final order was void due its failure to follow certain statutory requirements
under the Chiropractic Act. After examining the Board's order, we determine that it is regular
on its face and conclusively rebuts all of Peterson's points of error. However, in an abundance
of deference, we will address each of Peterson's arguments in turn.


Notice

 Peterson's right to receive notice is a fundamental right that is proper for collateral
attack. See T. Brown Const., 947 S.W.2d at 659. We conclude, however, that Peterson's
argument regarding improper notice is without merit and thus hold that the trial court did not err
in granting the Board's plea to the jurisdiction on this basis.

 In February 1994, Peterson received notice that a formal hearing would be held
before the State Office of Administrative Hearings ("SOAH") "for the purpose of taking
disciplinary action" against him. The notice contained two provisions that are relevant to this
appeal. First, the notice stated that the Board had "jurisdiction of the subject matter of the hearing
pursuant to section 14e(e) of the Chiropractic Act." (7) Section 14e(e) provides:


If the person requests a hearing or fails to respond timely to the notice, the executive
director shall set a hearing and give notice of the hearing to the person. The hearing
shall be held by an administrative law judge of the State Office of Administrative
Hearings. The administrative law judge shall make findings of fact and conclusions
of law and promptly issue to the Board a proposal for a decision about the occurrence
of the violation and the amount of a proposed penalty. Based on the findings of fact,
conclusions of law, and proposal for a decision, the Board by order may find that a
violation has occurred and impose a penalty or may find that no violation occurred.


Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14e(e) (emphasis added).

 Second, the notice informed Peterson that the SOAH hearing would involve "the
matter asserted . . . by the attached complaint," which was incorporated into the notice by
reference. The incorporated "complaint" was a formal complaint filed by the Board's staff. The
staff's complaint alleged that Peterson's sexual misconduct with his patient was grounds for the
Board "to revoke or suspend" his license based on sections 14 and 14a(5) of the Chiropractic Act. 
Section 14a(5) specifically provides that:


The Texas Board of Chiropractic Examiners may refuse to admit persons to its
examinations and may cancel, revoke or suspend licenses or place licensees upon
probation for such length of time as may be deemed proper by the Board for any
one or more of the following causes:


* * *


5. Grossly unprofessional conduct or dishonorable conduct of a character likely
to deceive or defraud the public, habits of intemperance or drug addiction, or
other habits calculated in the opinion of the Board to endanger the lives of
patients.



Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14a(5) (emphasis added). Moreover, the staff's complaint
expressly prayed for an "Order . . . to revoke or suspend [Peterson's] Texas Chiropractic license. 
(Emphasis added.) Therefore, given the Board's clearly expressed intent to seek revocation, we
conclude that Peterson had ample notice that the Board sought to revoke his license and Peterson's
allegations based upon this record constitutes an improper collateral attack.


Statutory Requirements

 Because we have already held that Peterson had notice that the Board was seeking
revocation under section 14a of the Chiropractic Act, Peterson's argument that the Board failed
to follow certain statutory requirements under section 14e must also fail.

 As discussed above, the overwhelming majority of Peterson's complaints that the
Board failed to follow certain statutory requirements of the Act would have only been applicable
had the Board exclusively invoked jurisdiction under section 14e. However, as discussed above
and as expressly stated in the Board's final order, the Board invoked jurisdiction under sections
14 and 14a, the sections permitting revocation. (8) See Triax Oil & Gas, slip op. at 4; Jolly v. State,
856 S.W.2d at 861 (final order of an agency that is valid on its face is not subject to collateral
attack). Because the Board invoked its jurisdiction to revoke Peterson's license under sections 14
and 14(a) of the Chiropractic Act, Peterson's procedural complaints are without merit. The trial
court correctly determined that Peterson's attempted collateral attack was improper. We overrule
Peterson's four points of error.


CONCLUSION


 Having overruled all of Peterson's points of order, we affirm the judgment of the
trial court dismissing the cause for want of jurisdiction.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 25, 1998

Do Not Publish

1. We recognize that there was an extensive procedural history before the Board's final order
on March 6, 1997. Throughout this history, we note that Peterson unsuccessfully argued that the
Board lacked jurisdiction to hear his case due to its failure to follow certain prescribed rules under
the Chiropractic Act.
2. It is apparent from the rules of the Board that the informal conferences are designed to avoid
a contested case and dispose of all complaints by way of mutual resolution between the licensee
and the Board. See 22 Tex. Admin. Code § 75.9(7) (licensee's concurrence required if Board
seeks to change a proposed order by enforcement Committee; should Board disapprove of
proposed order, case shall be rescheduled for purposes of reaching an agreed order).
3. Pursuant to statute, the enforcement committee is authorized to conduct and oversee
investigations of all complaints filed with the Board. Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14c. 
The committee has the power to subpoena witnesses and documents, as well as hold informal
conferences at which the complainant and the licensee have an opportunity to be heard. See 22
Tex. Admin. Code § 75.9(c). These informal conferences are not considered meetings of the
Board, and thus no formal record is required. Id. § 75.9(c)(6). 
4. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14e(b) (within 14 days after report is issued by
enforcement committee, notice of the report shall be given to the licensee containing a brief
summary of the alleged violation and a statement of the recommended penalty). 
5. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14e(c) (within 20 days after licensee receives
notice of report by enforcement committee, licensee may accept determination and recommended
penalty).
6. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14e(d) (if licensee accepts determination and
recommended penalty of enforcement committee, Board by order shall approve determination and
impose recommended penalty).
7. We note that at oral argument counsel for the Board admitted that the aforementioned notice
provision invoking jurisdiction under section 14e(e) was a mistake. However, as will be
discussed, the incorporation by reference of the staff's complaint in its entirety clearly informed
Peterson that the Board was seeking revocation and not merely an administrative penalty.
8. Conclusion of Law No. 1 in the Board's final order states, "The Board of Chiropractic
Examiners has jurisdiction over this matter, pursuant to Tex. Rev. Civ. Stat. Ann. art. 4512b,
§§ 14 and 14a."


Statutory Requirements

 Because we have already held that Peterson had notice that the Board was seeking
revocation under section 14a of the Chiropractic Act, Peterson's argument that the Board failed
to follow certain statutory requirements under section 14e must also fail.

 As discussed above, the overwhelming majority of Peterson's complaints that the
Board failed to follow certain statutory requirements of the Act would have only been applicable
had the Board exclusively invoked jurisdiction under section 14e. However, as discussed above
and as expressly stated in the Board's final order, the Board invoked jurisdiction under sections
14 and 14a, the sections permitting revocation. (8) See Triax Oil & Gas, slip op. at 4; Jolly v. State,
856 S.W.2d at 861 (final order of an agency that is valid on its face is not subject to collateral
attack). Because the Board invoked its jurisdiction to revoke Peterson's license under sections 14
and 14(a) of the Chiropractic Act, Peterson's procedural complaints are without merit. The trial
court correctly determined that Peterson's attempted collateral attack was improper. We overrule
Peterson's four points of error.


CONCLUSION


 Having overruled all of Peterson's points of order, we affirm the judgment of the
trial court dismissing the cause for want of jurisdiction.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 25, 1998

Do Not Publish

1. We recognize that there was an extensive procedural history before the Board's final order
on March 6, 1997. Throughout this history, we note that Peterson unsuccessfully argued that the
Board lacked jurisdiction to hear his case due to its failure to follow certain pres