# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00503-CV

**Horacio Hoss Castillo, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GV-11-000229, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Horacio "Hoss" Castillo appeals pro se from the district court's summary judgment in the State's suit to enforce an administrative order of the Board of Professional Engineers imposing a penalty on Castillo for violations of the Professional Engineering Practices Act and the Texas Administrative Code and suspending his engineering license for five years, with the last two years probated. *See* Tex. Occ. Code Ann. § 1001.452 (West 2012); 22 Tex. Admin. Code §§ 137.57, .63(b)(4), (5) (2012) (Tex. Bd. of Prof'l Eng'rs, Compliance and Professionalism). Castillo contends that he did not receive notice of the hearing on the motion for summary judgment, the penalty imposed by the Board was arbitrary and unjustified, and the Board has engaged in arbitrary and selective enforcement against him. For the reasons that follow, we affirm the trial court's summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2009, following a complaint and contested case hearing, the Board issued an order suspending Castillo's engineering license for five years, with the last two years probated, assessing administrative penalties in the amount of $30,000, and requiring Castillo to successfully complete two engineering ethics courses at Texas Tech University. *See generally* Tex. Gov't Code Ann. §§ 2001.051–.147 (West 2008) (procedures for contested case hearings). The order became final when the Board overruled Castillo's second motion for rehearing. *See id.* § 2001.144(a)(2)(A). Castillo sought judicial review of the order, the Board filed a plea to the jurisdiction asserting that Castillo's petition was untimely, and the trial court dismissed the case for want of jurisdiction. *See generally id.* §§ 2001.171–.178 (West 2008) (procedures for judicial review). Castillo appealed, and this court upheld the trial court's dismissal.[1] The State subsequently initiated this suit to enforce the order. Following Castillo's answer, the Board filed a motion for summary judgment and served it on Castillo by facsimile. Castillo did not attend the hearing on the motion for summary judgment, and on May 12, 2011, the trial court signed a summary judgment in the State's favor. The State subsequently moved for judgment nunc pro tunc to correct a misspelling of Castillo's name in the summary judgment, and on June 2, 2011, the trial court granted the order and signed a final judgment correcting the spelling of Castillo's name. Castillo filed his notice of appeal on July 5, 2011.

---

[1] *See Castillo v. Texas Bd. of Prof'l Eng'rs*, No. 03-10-00124-CV, 2010 Tex. App. LEXIS 10026, at *2, 15 (Tex. App.—Austin Dec. 14, 2010, no pet.) (mem. op.). Some of the facts recited herein are taken from the appellate record in *Castillo v. Texas Board of Professional Engineers*.

**DISCUSSION**

**Timeliness of Appeal**

As a preliminary matter, we address the State's argument that Castillo's appeal was untimely and should be dismissed for want of jurisdiction. The State contends that because the nunc pro tunc judgment made no substantive changes and Castillo's issues all relate to matters contained in the original judgment, the nunc pro tunc judgment did not extend Castillo's deadline for appeal. Thus, the State argues, the deadline was thirty days following the rendition of the original judgment, or June 13, 2011, and Castillo's appeal, filed on July 5, 2011, was therefore untimely. *See* Tex. R. App. P. 26.1. However, the State misconstrues the rules relating to modified and nunc pro tunc judgments.

A nunc pro tunc judgment is one rendered to correct nonsubstantive clerical errors after the court loses its plenary power. *See* Tex. R. Civ. P. 316 (providing for correction of clerical errors); *Reasonover v. Commercial Indem. Ins. Co.*, No. 03-01-00080-CV, 2001 Tex. App. LEXIS 6634, at \*15 (Tex. App.—Austin Oct. 4, 2001, no pet.) (explaining that judgment rendered to correct nonjudicial clerical error after plenary power lapses is termed judgment nunc pro tunc); *see also Black's Law Dictionary* 920 (9th ed. 2009) (defining nunc pro tunc judgment as "a judgment entered on a day after the time when it should have been entered, as of the earlier date"). A nunc pro tunc judgment entered after the expiration of the trial court's plenary power does not extend the time in which to perfect appeal of matters contained in the original judgment. *See* Tex. R. Civ. P. 329b(h) ("[I]f a correction is made pursuant to rule 316 after expiration of the [court's] plenary power . . . , no complaint shall be heard on appeal that could have

3

been presented in an appeal form the original judgment."); *Gonzales v. Rickman*, 762 S.W.2d 277, 278 (Tex. App.—Austin 1988, no writ) (per curiam) (holding nunc pro tunc judgment rendered after expiration of court's plenary power did not extend time in which to appeal); *Charles v. Texas Prop. & Cas. Ins. Guar. Ass'n ex rel. Phico Ins. Co.*, No.03-06-00404-CV, 2007 Tex. App. LEXIS 1795, at *3 (Tex. App.—Austin Mar. 6, 2007, pet. denied) (mem. op.) (same). In this case, however, the corrected judgment was rendered within the trial court's plenary power. Although the State labeled its motion requesting a judgment correcting the spelling of Castillo's name a motion for a judgment nunc pro tunc, "[b]y definition, such a judgment may only be rendered after plenary power has expired," *Reasonover*, 2001 Tex. App. LEXIS 6634, at *15, and substantively, the judgment signed on May 12, 2011, was not a nunc pro tunc judgment. *See id.* at *15–16 ("Although [plaintiff] labeled its request a motion for judgment *nunc pro tunc*, we will not elevate form over substance as [defendants] urge.").

When, as here, a trial court exercises its plenary power to modify or correct a judgment in any respect, the time for appeal runs from the date the modified order is signed. *See* Tex. R. Civ. P. 329b(h); *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam) (change in judgment in any respect is all rule 329b(h) requires to reset appellate timetable); *In re Norris*, No. 03-12-00239-CV, 2012 Tex. App. LEXIS 4560, at *16 n.4 (Tex. App.—Austin June 7, 2012, no pet. h.) (same). When the trial court signed the order granting "judgment nunc pro tunc" on June 2, 2011, before the expiration of its plenary power, the appellate timetable was reset so that Castillo's deadline for appeal was July 2, 2011. Because July 2, 2011, fell on a Saturday and the following Monday was the July 4th holiday, the deadline was extended until the next day, July 5th. *See* Tex.

R. Civ. P. 4. (if deadline falls on Saturday, Sunday, or legal holiday, period extends to end of next day that is not a Saturday, Sunday, or legal holiday); Tex. R. App. P. 4.1 (same); *Hernandez v. Natural Restoration Techs., L.L.C.*, 211 S.W.3d 309, 309 (Tex. 2006) (per curiam) ("When a filing deadline falls on a holiday or a day in which [sic] the district clerk's office is closed or inaccessible, the filing deadline is automatically extended until the end of the next day when the district clerk's office is open and accessible.") Thus, when Castillo filed his notice of appeal on July 5, 2011, it was timely filed. We turn, then, to Castillo's issues.

**Lack of Notice**

In his first issue, Castillo argues that he did not receive notice of the hearing on the State's motion for summary judgment and was therefore denied due process because he was denied an opportunity to be heard. The State's motion for summary judgment contained a notice that a hearing had been set on the motion for May 12, 2011, and a certificate of service stating that the motion had been served on Castillo by facsimile in compliance with rule 21a. *See* Tex. R. Civ. P. 21a (motions may be served by telephonic document transfer and party or attorney of record shall certify service in compliance with rule). The record shows that the number to which the State's attorney certified the motion was sent was the facsimile number for Castillo on file with the court and that the certificate of service otherwise complied with rule 21a. A certificate of service complying with rule 21a is prima facie evidence of the fact of service, which may be rebutted

5

by proof that the notice or instrument was not received. Tex. R. Civ. P. 21a; *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam) (notice properly sent raises presumption notice was received). Thus, absent evidence to the contrary, it is presumed that Castillo received notice of the setting.

The record shows that Castillo did not attend the hearing on the motion for summary judgment or file a motion for new trial following the trial court's default summary judgment in favor of the State. The record also shows that Castillo had notice of the judgment in time to file a timely motion for new trial, as evidenced by his timely appeal. *See* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1. A party to a lawsuit is required to file a motion for new trial if he intends to appeal a point on which evidence must be heard, including failure to set aside a default judgment. *See* Tex. R. Civ. P. 324(b)(1); *Barrett v. Westover Park Cmty. Ass'n*, No. 01-10-01112-CV, 2012 Tex. App. LEXIS 1585, at *7 (Tex. App.—Houston [1st Dist.] Mar.1, 2012, no pet.) (mem. op.); *Fawcett v. Royse City Indep. Sch. Dist.*, No. 05-98-01036-CV, 2001 Tex. App. LEXIS 308, at *2 (Tex. App.—Dallas Jan. 17, 2001, no pet.) (per curiam). Because Castillo failed to file a motion for new trial, he failed to develop the evidence necessary to contradict the presumption that he received notice of the hearing and has waived appellate review of his complaint. *See* Tex. R. Civ. P. 324(b)(1); *Barrett*, 2012 Tex. App. LEXIS 1585, at *7; *Fawcett*, 2001 Tex. App. LEXIS 308, at

*2.[2] In addition, Castillo's brief contains no citations to authorities as required by appellate rule 38.1(i). *See* Tex. R. App. P. 38.1(i). We overrule Castillo's first issue.

**Substance of Board's Order**

In his second and third issues, Castillo asserts that the penalty assessed against him was arbitrary and unjustified and that the Board has engaged in arbitrary and selective enforcement against him. These issues go to the substance of the Board's order, which was issued in 2009 following a contested case hearing. *See generally* Tex. Gov't Code Ann. §§ 2001.051–.147. Under the administrative procedures act (APA), a person who is aggrieved by a final decision in a contested case and who has exhausted his administrative remedies is entitled to judicial review. *See generally id.* §§ 2001.171–.178. The deadline for filing a petition for judicial review is "not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable." *Id.* § 2001.176(a). Castillo exhausted his administrative remedies and filed a petition seeking judicial review of the Board's order. The trial court subsequently dismissed the case for lack of jurisdiction on the ground that Castillo's petition was untimely, and this Court upheld that decision. *See Castillo v. Texas Bd. of Prof'l Eng'rs*, No. 03-10-00124-CV, 2010 Tex. App. LEXIS 10026, at *2, 15 (Tex.

---

[2] We hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To do otherwise would given pro se litigants an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Hissey v. JP Morgan Chase Bank N.A.*, No. 03-10-00161-CV, 2011 Tex. App. 6120, at *5 (Tex. App.—Austin Aug. 5, 2011) (mem. op.). We do, however, construe the issues raised in Castillo's brief liberally. *See* Tex. R. App. P. 38.9; *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).

App.—Austin Dec. 14, 2010, no pet.) (mem. op.). Castillo did not appeal this Court's decision, and mandate issued on February 23, 2011.

When Castillo failed to perfect judicial review of the board order, it became final and unappealable. *See Jolly v. State*, 856 S.W.2d 859, 860–61 (Tex. App.—Austin 1993, writ denied). "A final order of the [Board] that is valid on its face is not subject to collateral attack in a subsequent enforcement proceeding." *Id.* at 861; *see Alamo Express, Inc. v. Union City Transfer*, 309 S.W.2d 815, 827 (Tex. 1958) (concluding that collateral attack on railroad commission order was impermissible because administrative statutes provided sole method of attack). Without regard to the merits of Castillo's challenges to the Board's order, we conclude that Castillo's second and third issues are impermissible collateral attacks on a final Board order. *See Alamo Express*, 309 S.W.2d at 827; *Jolly*, 856 S.W.2d at 861. We overrule Castillo's second and third issues.

**CONCLUSION**

Having overruled Castillo's issues, we affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   August 29, 2012

8